**UNITED STATES, Appellee,**

v.

**Christopher J. STARK, Staff Sergeant,
U.S. Air Force, Appellant.**

No. 63,166.
ACM 27611.

U.S. Court of Military Appeals.

Argued March 14, 1990.
Decided Aug. 27, 1990.

For Appellant: *Captain Darla G. Orndorff* (argued); *Colonel Richard F. O'Hair* (on brief).

For Appellee: *Captain David G. Nix* (argued); *Colonel Robert E. Giovagnoni, Colonel William T. Hoffman,* USAFR, *Captain Morris D. Davis* (on brief); *Colonel Joe R. Lamport* and *Major Paul H. Blackwell, Jr.*

*Opinion of the Court*

COX, Judge:

Appellant was tried by general court-martial consisting of members.[1] Pursuant

---

1. The opinion of the Court of Military Review erroneously reflects that this was a trial by judge alone.

to his pleas, appellant was found guilty of two specifications of committing sodomy with a child, in violation of Article 125, Uniform Code of Military Justice, 10 USC § 925. Appellant was sentenced to 12 years' confinement, forfeiture of $200.00 pay per month for 12 years, reduction to airman basic (E–1), and a dishonorable discharge. Pursuant to a pretrial agreement, the convening authority approved the sentence except for reducing the confinement to 8 years and forfeitures to $200.00 pay per month for 8 years. The Court of Military Review affirmed the findings and sentence in an unpublished opinion. This Court granted review of the following issue:

> WHETHER THE MILITARY JUDGE ERRED WHEN HE ALLOWED DR. DOUGLAS PETERS, PROFESSOR OF PSYCHOLOGY, TO TESTIFY AS AN EXPERT CONCERNING THE EFFECTS OF CHILD SEXUAL ABUSE.

Appellant pleaded guilty to having two young boys perform oral sodomy on him at his house. The boys were the sons of a fellow servicemember and friend of appellant. The boys told their father of the incident shortly after it occurred, and their father immediately reported appellant to authorities.

On sentencing, the Government called Douglas Peters, Ph.D., a professor of psychology at the University of North Dakota. Trial counsel proffered Dr. Peters as an expert in forensic psychology. Defense counsel objected, in that Dr. Peters was called to testify as to the impact which the sexual abuse had had upon the victims, but his expertise was in credibility of child witnesses.

Dr. Peters' primary field of expertise was dealing with child witnesses. He had studied over 400 children for over 5 years, examining how a number of stressful events affected their ability to remember and recall an experience they have witnessed, and what effect the stressful event has upon their veracity. Dr. Peters acknowledged that very few of the children he had studied had suffered from sexual abuse and that his work was not "focused" on the impact of child sexual abuse.

As part of his work, however, Dr. Peters had studied a number of articles and works by other psychologists who specialized in treating child sexual abuse. While Dr. Peters' expertise was child witness' credibility, in his own opinion, his knowledge of the impact of child sexual abuse did "dovetail" with his own discipline. Dr. Peters also indicated that because his work entailed studying other forms of stress upon children's credibility as witnesses, in some instances his work actually could provide unbiased and objective findings which a clinician who deals solely with victim impact of child sexual abuse may not be able to find.

The military judge conducted *voir dire* of Dr. Peters and elicited that, although his expertise was "aimed principally at ... the credibility" of child witnesses, Dr. Peters' "general education, ... research, ... and ... experience ... lends to" him "an expertise in the area of the impact of child sexual abuse." The military judge therefore found Dr. Peters to be sufficiently qualified to testify as an expert under Mil. R.Evid. 702, Manual for Courts–Martial, United States, 1984.

The ultimate opinions Dr. Peters offered were based upon his broad expertise involving the effects of stressful events upon children and the literature he had become familiar with on child sexual abuse. Dr. Peters had also viewed videotapes of interviews of the victims (two boys, a 4–year–old and a 6–year–old), and he conducted personal interviews with the boys and with their father.

Dr. Peters testified on direct examination as to the short-term effects of sexual abuse that he had observed as to the two boys. These included an appreciable amount of fear, guilt, and shame. Dr. Peters also surmised that, based upon his expertise and study of the boys, they were "at a higher risk" of suffering from long-term effects of the abuse, such as depression, anxiety, and sexual maladjustment.

Defense counsel then conducted nothing short of a commendable cross-examination of the expert witness. Dr. Peters had to acknowledge that some of the short-term effects which he had observed in the boys may have been caused in part by their own parents having gone through a divorce. With regard to the long-term effects, defense counsel was able to have Dr. Peters state that—because the sodomy was committed without any physical threats or force; because the children were believed immediately when they reported the incident to their father; and because appellant immediately admitted the offense—the impact was reduced substantially for the boys.

■ Mil.R.Evid. 702 prescribes:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness *qualified as an expert by knowledge, skill, experience, training, or education*, may testify thereto in the form of an opinion or otherwise.

(Emphasis added.) Under Mil.R.Evid. 702, admissibility of expert testimony has been broadened. Anyone who has substantive knowledge in a field beyond the ken of the average court member arguably is an expert within that field. *United States v. Peel*, 29 MJ 235, 241 (CMA 1989), *cert. denied*, — U.S. —, 110 S.Ct. 731, 107 L.Ed.2d 750 (1990); *United States v. Mustafa*, 22 MJ 165 (CMA), *cert. denied*, 479 U.S. 953, 107 S.Ct. 444, 93 L.Ed.2d 392 (1986). *Cf. United States v. Farrar*, 28 MJ 387 (CMA 1989). A proffered expert "need not be 'an outstanding practitioner,' but need only be a person who can help the" members. S. Saltzburg, L. Schinasi, D. Schlueter, *Military Rules of Evidence Manual*, 589 (2d ed.1986) (*citing United States v. Barker*, 553 F.2d 1013 (6th Cir. 1977)). *See also United States v. Hammond*, 17 MJ 218 (CMA 1984). Whether a witness is competent to give expert testi-

mony is a matter falling within the discretion of the military judge. *United States v. Mustafa, supra*.

■ While Dr. Peters did not specialize in the clinical treatment of the impact of child sexual abuse, his broader discipline of child-witness credibility certainly included studying child sexual abuse. By the same token, as Dr. Peters indicated, because his discipline was broader, he may have been able to bring objective findings that a clinician dealing solely with victim impact might miss.[2] It was sufficient that the subject of victim impact was within Dr. Peters' specialized knowledge of forensic psychology and child witnesses. *United States v. Peel* and *United States v. Hammond*, both *supra; cf. United States v. Gilliss*, 645 F.2d 1269, 1278 (8th Cir.1981). The military judge did not abuse his discretion in allowing Dr. Peters to testify as an expert, and the members properly were allowed to give whatever weight they felt justified to Dr. Peters' expert qualifications.

■ We also hold that the basis for Dr. Peters' expert testimony was sufficient under Mil.R.Evid. 703. He conducted personal interviews with the two child victims, as well as with their father. He also observed the children in other videotaped interviews and at trial. *Cf. United States v. Hammond, supra* at 219 (expert testifying on the after effects of rape had sufficient basis for testimony by observing victim at trial). In light of the sufficient basis and defense counsel's own vigorous cross-examination, the members were properly left to attach whatever weight they felt appropriate to Dr. Peter's expert opinions.

The decision of the United States Air Force Court of Military Review is affirmed.

Chief Judge EVERETT and Judge SULLIVAN concur.

---

**2.** Dr. Peters never testified as to the believability of the victims' testimony at trial. Trial counsel properly did not use the expert for this purpose.

*See United States v. Petersen*, 24 MJ 283 (CMA 1987).