**UNITED STATES, Appellee,**

v.

**Gary M. HARRISON, Staff Sergeant, U.S. Air Force, Appellant.**

No. 63,670.
ACM 27248.

U.S. Court of Military Appeals.

Argued May 10, 1990.

Decided Sept. 28, 1990.

For Appellant: *Captain Richard W. Aldrich* (argued); *Colonel Richard F. O'Hair* (on brief); *Major Lynne H. Wetzell.*

For Appellee: *Captain Morris D. Davis* (argued); *Colonel Joe R. Lamport* (on brief); *Colonel Robert E. Giovagnoni.*

*Opinion of the Court*

COX, Judge:

Appellant was tried by a general court-martial, before officer and enlisted members at Minot Air Force Base, North Dakota, in July 1988. Contrary to his pleas, he was found guilty, *inter alia*, of committing assault and battery upon a child under the

age of 16,[1] in violation of Article 128, Uniform Code of Military Justice, 10 USC § 928. He was sentenced to confinement and forfeiture of $446.00 pay per month for 3 years, reduction to E–1, and a bad-conduct discharge. The convening authority approved the sentence, and the Court of Military Review affirmed in an unpublished opinion dated September 7, 1989.

We granted review to determine:

WHETHER THE MILITARY JUDGE ERRED, TO THE SUBSTANTIAL PREJUDICE OF APPELLANT, BY ADMITTING THE TESTIMONY OF DR. STILLE.

Staff Sergeant Harrison was convicted of committing assault and battery upon his 9–year–old stepdaughter, Michelle, by touching her vaginal area on two occasions during the summer of 1985. By December 1985, Michelle's mother, Marybeth, had divorced appellant. In January 1986, she married Joel, another Staff Sergeant.[2] Michelle remained with her mother and Joel until January 1987, when she moved to Michigan to be with her natural father. She did not report the alleged assault by appellant until October 1987. By the time of trial, she was 12 years old. There were no eyewitnesses or corroborating physical evidence to support the allegations, and appellant never confessed. At trial, he took the stand in his own behalf and denied ever assaulting his former stepdaughter.

After Michelle testified, the prosecution called Dr. Richard Stille, a clinical psychologist, to testify as an expert on child sexual abuse. Defense counsel earlier had filed a motion *in limine* to exclude the expert testimony, arguing that Dr. Stille would testify that Michelle was a credible and believable witness, and that such testimony invaded the court members' province to weigh the credibility of Michelle's testimony.

On the motion, trial counsel insisted that Dr. Stille would only testify as an expert about what symptoms and manifestations are common in children who have suffered sexual abuse, whether Michelle exhibited any of these symptoms, and how they might affect her credibility. The military judge ruled that as long as Dr. Stille's testimony took this form he would permit it before the members.

Dr. Stille's exposure to the case included discussing the facts with trial and defense counsel, as well as having access to investigative reports. He also had viewed videotapes of interviews of Michelle by a social worker and had interviewed Michelle's father and stepmother. His only personal contact with Michelle before trial was a 45–minute interview, and he was in the courtroom as Michelle testified.

■ After being qualified as an expert, his testimony included the following:

Q. When you look at the issue of the *reliability* of a witness testifying about sexual assault, what factors do you evaluate?

A. I am assuming here that you are asking about a child witness particularly?

Q. Yes.

A. When a child makes a statement regarding having experienced being sexually abused, we look at a number of different factors. We look at *reliability and validity* of the statement.

(Emphasis added.) In addition, Dr. Stille stated that he would "look to see whether or not there is some pattern of symptoms that we would expect to be associated with child sexual abuse." He never indicated, however, what these symptoms were or if Michelle exhibited any of them.

When he was asked to compare Michelle's in-court testimony with her videotaped interviews and then indicate whether he had seen any evidence that would indicate that she had been coached, he stated:

---

1. Appellant also was found guilty of one specification of sodomy, in violation of Article 125, Uniform Code of Military Justice, 10 USC § 925.

2. At trial, there was some effort by defense counsel to show that the assault and battery could have been committed by Joel.

[T]here was nothing in those tapes or the testimony that would be consistent with suggestibility or coaching, in some sense.

Trial counsel then asked Dr. Stille if, in his opinion, he had observed "any evidence that Michelle ... [was] fantasizing, ... [was] making this up, [or] creating it in some way." The doctor responded:

No. There is no suggestion from what I could find from my viewing of the videotape, or of Michelle's testimony, that there was any fantasy involved.

Later in his testimony, he again was asked for an opinion, as follows:

Q. Dr. Stille, based upon your experience, research, and your position as an expert in this case, do you have an opinion as to whether Michelle ... has been sexually assaulted?

A. Yes, I do.

Q. And what is that opinion?

A. My opinion is that she has been.

Shortly after Dr. Stille testified, the military judge instructed the members that they were to disregard "any implication ... as to what the expert might believe, in terms of someone telling the truth," and that it was their "responsibility alone to evaluate the credibility of the testimony of another witness."

■ It is impermissible for an expert to testify about his or her belief that a child is telling the truth regarding an alleged incident of sexual abuse. *See United States v. Arruza*, 26 MJ 234 (CMA 1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 1120, 103 L.Ed.2d 183 (1989); *United States v. Petersen*, 24 MJ 283 (CMA 1987). We recognize the need for expert witnesses in child-sexual-abuse cases, such that their testimony will often "assist the trier of fact to understand the evidence or to determine a fact in issue." Mil.R.Evid. 702, Manual for Courts–Martial, United States, 1984. An expert may testify as to what symptoms are found among children who have suffered sexual abuse and whether the child-witness has exhibited these symptoms. *United States v. Stark*, 30 MJ 328 (CMA 1990); *United States v. Lee*, 28 MJ 52, 55 (CMA 1989). He or she may also "discuss 'various patterns of consistency in the stories of child sexual abuse victims and compar[e] those patterns with patterns in ... [the victim's] story.'" *United States v. Tolppa*, 25 MJ 352, 354 (CMA 1987), *quoting United States v. Azure*, 801 F.2d. 336, 340 (8th Cir.1986). However, to put "an impressively qualified expert's stamp of truthfulness on a witness' story goes too far." *Id.* An expert should not be allowed to "'go so far as to usurp the exclusive function of the jury to weigh the evidence and determine credibility.'" *United States v. Samara*, 643 F.2d 701, 705 (10th Cir.), *cert. denied,* 454 U.S. 829, 102 S.Ct. 122, 70 L.Ed.2d 104 (1981), *quoting United States v. Ward*, 169 F.2d 460, 462 (3d Cir.1948).

■ In this case, trial counsel purported that Dr. Stille would testify to the different factors and symptoms which determined his clinical diagnosis that Michelle had suffered sexual abuse. Ostensibly, he also would testify about how these symptoms might affect her credibility. While the witness did state generally that, in examining a child, he would look to see if there were some pattern of symptoms present that he would expect to be associated with child sexual abuse, he never testified just what the symptoms were. Rather, the substance of his testimony as an *expert* was that Michelle was a credible and reliable witness and that she had been sexually abused. Thus, the testimony was the functional equivalent of what defense counsel had successfully moved to exclude *in limine:* an expert's opinion that the victim should be believed.

It would be an understatement to say that Michelle's credibility was crucial to the Government's case. As stated earlier, there was no corroborating physical evidence to her claim of sexual abuse; there were no witnesses to corroborate her story; and appellant never confessed. At trial, he denied the allegations.

We are convinced that admission of the expert's trial testimony was prejudicial er-

ror and that it was not adequately cured by the military judge's instruction. *United States v. Petersen, supra;* Art. 59(a), UCMJ, 10 USC § 859(a).

The decision of the United States Air Force Court of Military Review is reversed as to Charge II and its specification, and the sentence. The findings of guilty thereon and the sentence are set aside. The record of trial is returned to the Judge Advocate General of the Air Force. A rehearing on Charge II and the sentence may be ordered. Art. 67(f), UCMJ, 10 USC § 867(f).

Chief Judge EVERETT and Judge SULLIVAN concur.