UNITED STATES, Appellee,

v.

Michael W. RYNNING, Senior Master Sergeant, U.S. Air Force, Appellant.

No. 96–0497.
Crim.App. No. 30740.

U.S. Court of Appeals for the Armed Forces.

Argued Oct. 7, 1997.

Decided Feb. 11, 1998.

For Appellant: *David R. Dowell* (argued); *Colonel David W. Madsen* and *Major Michael L. McIntyre* (on brief).

For Appellee: *Captain Steven D. Dubriske* (argued); *Major LeEllen Coacher* (on brief); *Colonel Theodore J. Fink, Colonel Brenda J. Hollis, Major John H. Kongable,* and *Major Jane M.E. Peterson.*

*Opinion of the Court*

EFFRON, Judge:

Contrary to his pleas, appellant was convicted by a general court-martial composed

of officer members of carnal knowledge, sodomy (2 specifications), and committing indecent acts (2 specifications), in violation of Articles 120, 125, and 134, Uniform Code of Military Justice, 10 USC §§ 920, 925, and 934, respectively. Appellant was sentenced to a dishonorable discharge, confinement for 4 years, and reduction to the lowest enlisted grade. The convening authority approved these results, and the Court of Criminal Appeals affirmed.

This Court granted review of the following issue:

> WHETHER THE MILITARY JUDGE ERRED TO APPELLANT'S PREJUDICE BY ADMITTING THE TESTIMONY OF MAJOR NANCY SLICNER AND MAJOR [CARLA] MONROE–POSEY WHOSE TESTIMONY PROVIDED NO EVIDENCE THAT THE ALLEGED ACTS WERE COMMITTED AND WHOSE TESTIMONY PROVIDED NO TESTIMONY TO ASSIST THE TRIER OF FACT IN DETERMINING THE GUILT OR INNOCENCE OF APPELLANT.

We affirm the decision below. The admission of Major (Maj) Slicner's expert testimony about common behavioral characteristics of child sexual abuse victims, which was not objected to by appellant, was not erroneous, and the military judge properly allowed Maj Monroe–Posey to testify regarding the facts and circumstances surrounding the victim's disclosure of the abuse.

## I. FACTS

The prosecutrix in this case, RDP, is appellant's daughter from his first marriage. RDP alleged that she was sexually abused by appellant on various occasions between July 1988 and March 1990 and between August 1991 and March 1992. During those periods, RDP was living in Spain and England with appellant, his second wife, and their four sons. RDP did not report the abuse until March 1992, when her boyfriend contacted the Family Advocacy Center.

At trial, the primary evidence against appellant was RDP's own testimony about the alleged acts. The Government presented no physical or medical evidence to substantiate RDP's claims of abuse. Defense counsel's vigorous cross-examination of RDP included questions about delayed and incomplete disclosure of the incidents, lack of detail in describing the events, prior inconsistent statements made in connection with the disclosure, reluctance to report the abuse, and her continuing affection for her father.

In rebuttal, the Government offered the testimony of Maj Slicner, an expert on child sexual abuse, and Maj Monroe–Posey, the social worker to whom RDP first reported the abuse. The Government's theory of admissibility was that the testimony of the two witnesses explained to the members that certain seemingly counterintuitive aspects of RDP's behavior were not inconsistent with the types of behavior exhibited by victims of child sexual abuse.

## II. MAJOR SLICNER'S TESTIMONY

■ During an Article 39(a) [1] session regarding the substantive content of Maj Slicner's testimony, appellant did not object to either Maj Slicner's status as an expert or the admission of her testimony. Under these circumstances, appellant has waived his challenge to her qualifications and to her testimony, absent plain error. *See* Mil.R.Evid. 103(a)(1), Manual for Courts–Martial, United States (1995 ed.); *United States v. Olano*, 507 U.S. 725, 734, 113 S.Ct. 1770, 1777, 123 L.Ed.2d 508 (1993). A plain error is an error that is "plain," "clear," or "obvious," and that affected appellant's "substantial rights." *Id.*

■ Maj Slicner testified that information she reviewed included the transcript of RDP's testimony at the Article 32 [2] investigation, Family Advocacy records, the report from the Office of Special Investigations (OSI), and records of psychological evaluations of RDP. Maj Slicner was present during RDP's testimony at trial, and she had watched one OSI interview that had been

---

1. Uniform Code of Military Justice, 10 USC § 839(a).

2. UCMJ, 10 USC § 832.

videotaped. Maj Slicner did not conduct her own psychological evaluation of RDP.

Maj Slicner testified about common behavioral characteristics of sexual abuse victims and related some of them to RDP's behavior. In particular, she stated that victims of abuse commonly suffer from depression and have a "blunted affect" while testifying. Most important, she discussed the disclosure process, stating that sexually abused children often delay reporting the incidents, explaining the reasons for this delay, and describing the victims' ambivalence to come forward.

Maj Slicner also testified about abused children's ability to remember details of the incidents and how this related to their tendency to tell their stories in bits and pieces. Finally, Maj Slicner discussed the "learned helplessness" of victims, the importance of secrecy to the offender, and the common reaction of denial.

Given her expertise in the area of child sexual abuse, Maj Slicner properly could testify as to these subjects. Appellant, by raising the issues of late and incomplete reporting and other counterintuitive behavior on cross-examination, put RDP's credibility directly in issue. The Government, on rebuttal, was entitled to rehabilitate their principal witness by explaining how her behavior did not necessarily undermine her credibility.

In this case, appellant attacked RDP's credibility on the basis of her delayed reporting of the allegations, urging the jury to infer from the delayed reporting that RDP was lying. The Government then called Maj Slicner to explain that delayed reporting was a common symptom of child sexual abuse.

"If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue," Mil.R.Evid. 702 allows an expert witness to testify "thereto in the form of an opinion or otherwise." This Court has permitted experts to testify under this rule about behavioral characteristics or behavioral patterns of an alleged sexual abuse victim, "especially where that behavior would seem to be counterintuitive." United States v. Pagel, 45 MJ 64, 68 (1996); see also United States v. Marrie, 43 MJ 35, 41 (1995); Unit-

ed States v. Suarez, 35 MJ 374, 376 (CMA 1992); cf. United States v. Houser, 36 MJ 392, 398 (CMA 1993) (permitting expert testimony about rape trauma syndrome to explain victim's failure to resist and delay in reporting); W. Cox and J. Holt, "Counterintuitive Aspects of Child Sexual Abuse Cases in Military Practice," Principles and Practice of Military Forensic Psychiatry 347 (1997).

In child sexual abuse cases, we have allowed expert testimony about why a child victim may give inconsistent statements, recant allegations, and delay reporting the abuse. Marrie, 43 MJ at 41; Suarez, 35 MJ at 376; see also United States v. Coleman, 41 MJ 46, 47 (CMA 1994); United States v. Nelson, 25 MJ 110, 112–13 (CMA 1987). The rationale for allowing such testimony is that "the victim's behavior will not necessarily undermine his or her credibility if an expert can explain that such patterns of [counterintuitive] behavior often occur in sexual abuse cases." Pagel, 45 MJ at 68.

Maj Slicner's testimony was consistent with our precedents, which provide that "[a]n expert may testify as to what symptoms are found among children who have suffered sexual abuse and whether the child-witness has exhibited these symptoms; discuss patterns of consistency in the stories of victims and compare those patterns with patterns in the victim's story; and testify about a child's ability to separate truth from fantasy." United States v. Cacy, 43 MJ 214, 217 (1995). She did not impermissibly "testify regarding the credibility or believability of a victim, or 'opine as to the guilt or innocence of an accused.'" Id. (quoting Suarez, 35 MJ at 376); see also Marrie, 43 MJ at 41–42; United States v. Cameron, 21 MJ 59, 64–65 (CMA 1985) ("Expert insights into human nature are permissible, but lie detector evidence—whether human or mechanical—is not."). She did not present a "characteristic profile" and then place appellant's characteristics within the profile to prove his guilt. Compare United States v. Banks, 36 MJ 150, 161–63 (CMA 1992) (impermissible use of evidence to establish appellant's family situation as "ripe" for child sexual abuse), with

*Pagel*, 45 MJ at 68 (evidence used to explain behavior of victim).

Although Maj Slicner referred on occasion to RDP's exhibition of some of the common characteristics of victims of abuse, her testimony primarily was limited to general behavioral patterns that were "used to explain [RDP's] behavior" in rebuttal to the issues raised by defense counsel on cross-examination. *See Pagel*, 45 MJ at 68; *Banks*, 36 MJ at 161–63. Maj Slicner did not testify to RDP's credibility or whether she believed that RDP was telling the truth or otherwise act as a "human lie detector." *United States v. Harrison*, 31 MJ 330, 332 (CMA 1990); *United States v. Partyka*, 30 MJ 242, 247 (CMA 1990). Under these circumstances, there was no error, either as to Maj Slicner's expert qualifications or as to the substance and form of her testimony.

### III. MAJ MONROE–POSEY'S TESTIMONY

Following Maj Slicner's testimony, Maj Monroe–Posey testified about RDP's disclosure of the abuse to her during nineteen counseling sessions held between March 23 and July 13, 1992. Appellant objected to Maj Monroe–Posey's testimony to the extent that it included statements made by RDP. We review the military judge's admission of the evidence for an abuse of discretion. *United States v. Gober*, 43 MJ 52, 57 (1995); *United States v. Sullivan*, 42 MJ 360, 363 (1995).

At the counseling sessions, Maj Monroe–Posey discussed various topics with RDP, including her school, her foster home, her boyfriend, her feelings toward her father, and her upcoming disclosure of the sexual abuse. At trial, Maj Monroe–Posey testified about her observations of RDP's feelings, attitudes, and emotions regarding these topics. Maj Monroe–Posey stated that RDP was reluctant to disclose the allegations against appellant because she feared hurting her father and getting him into trouble. In the course of explaining the disclosure pro-

cess, Maj Monroe–Posey reiterated some statements that RDP had made during the counseling sessions. These statements, which did not include any details regarding the abuse itself, were the subject of appellant's objection.

The military judge admitted most of the statements that RDP made to Maj Monroe–Posey, basing his ruling on three grounds: (1) Mil.R.Evid. 803(4), the medical diagnosis and treatment exception to the hearsay rule; (2) Mil.R.Evid. 803(3), the state of mind exception to the hearsay rule; and (3) the fact that the statements served as direct evidence of the circumstances surrounding RDP's disclosure of the abuse.

Maj Monroe–Posey's testimony about RDP's statements was not offered to prove the truth of the content of those statements; rather, the testimony was offered as direct evidence of the observation by Maj Monroe–Posey of facts and circumstances of RDP's disclosure of the abuse and of RDP's state of mind and intent in disclosing the events. The theory of admissibility was that these matters constituted proper rebuttal of the issues raised by defense counsel during his cross-examination of RDP by explaining RDP's delayed and incomplete reporting of the sexual abuse and her continued affection toward her father.

The fact that RDP's statements would be hearsay if offered for another purpose is not pertinent to this appeal. Moreover, although Maj Monroe–Posey's position as a social worker may have enhanced her credibility with the jury, it had no bearing on admissibility of her testimony. As recognized by the military judge, Maj Monroe–Posey's testimony was not offered "to prove the truth of the matter[s] asserted" in RDP's statements. *See* Mil.R.Evid. 801(c).[3]

### IV. CONCLUSION

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

---

**3.** Because Maj Monroe–Posey's testimony was not hearsay, our decision does not rest on the applicability of the hearsay exceptions.

Chief Judge COX and Judges SULLIVAN, CRAWFORD, and GIERKE concur.