UNITED STATES, Appellee,

v.

Chief Warrant Officer Two John A.
WEISBECK, United States
Army, Appellant.

ARMY 9502215.

U.S. Army Court of Criminal Appeals.

27 March 1998.

For Appellant: Richard T. McNeil (argued); Mary Ramsay McCormick; Captain Thomas Jay Barrett, JA (on brief).

For Appellee: Major Lyle D. Jentzer, JA (argued); Colonel Joseph E. Ross, JA; Lieutenant Colonel Frederic L. Borch III, JA (on brief).

Before TOOMEY, Senior Judge, TRANT and CARTER, Appellate Military Judges.

## OPINION OF THE COURT

CARTER, Judge:

A general court-martial composed of officer members convicted appellant, contrary to his pleas, of indecent acts with a child (Specifications 1 and 2), indecent assault (Specifications 3 and 4), showing pornographic materials and offering alcoholic beverages to minor boys (Specification 5), and indecent language (Specifications 6 and 7) in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1988) [hereinafter UCMJ].[1] The court sentenced appellant to a dishonorable discharge, confinement for twenty-five years, and forfeiture of all pay and allowances. The approved sentence consists of a dishonorable discharge, confinement for ten years, and forfeiture of all pay and allowances. The case is before the court for automatic review under Article 66, UCMJ.

Appellant raised thirteen assignments of error[2] (AE), several of which have merit. During our review, the court found several

---

1. Specifications 5, 6, and 7 were originally charged as Article 133, UCMJ, offenses. After both the government and the defense rested on the merits, the military judge asked whether appellant was a commissioned warrant officer. After a recess, the trial counsel stated that the government could not prove that appellant was a commissioned warrant officer and moved to amend the charge sheet to allege these specifications, without changing their wording, as violations of Article 134, UCMJ. The military judge granted the government's motion despite objection by the defense.

2. I. THE COURT–MARTIAL LACKED JURISDICTION TO TRY APPELLANT BECAUSE HE WAS ARRAIGNED, AND TRIAL COMMENCED,

other errors not raised by appellant which also warrant relief. For the reasons stated in our opinion, we will set aside and dismiss five of the seven specifications and reassess the sentence.

## Facts

Appellant was tried in 1995 at Fort Rucker, Alabama, on charges alleging sexual offenses against two teenage brothers [hereinafter the T brothers]. The trial defense counsel filed a motion in limine asking the military judge "not to allow any evidence, testimony, or other methods of presentment of the accused's prior trial by courts-martial in 1994 at Fort Devens, MA." In 1994 at Fort Devens, Massachusetts, appellant was acquitted by a general court-martial of sexu-

ABSENT A PROPER REFERRAL OF THE CHARGES.

II. APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO PRESENT EVIDENCE WHEN THE MILITARY JUDGE DENIED HIS REQUEST FOR A CONTINUANCE TO ALLOW FOR THE ASSISTANCE AND APPEARANCE OF A NATIONALLY-RECOGNIZED EXPERT ON FALSE SEXUAL ABUSE REPORTING, WHO WAS RETAINED AT NO EXPENSE TO THE GOVERNMENT AND WHOSE TESTIMONY WAS CRITICAL TO WINNING AN ACQUITTAL AGAINST EARLIER CHARGES FOR WHICH THE MILITARY JUDGE ALLOWED THE GOVERNMENT TO PRESENT, OVER DEFENSE OBJECTION, THE TESTIMONY OF THE ALLEGED VICTIMS TO SUPPORT THE CURRENT CHARGES.

III. THE MILITARY JUDGE ERRED IN ALLOWING THE GOVERNMENT TO PRESENT, OVER DEFENSE OBJECTION, EVIDENCE OF UNCHARGED MISCONDUCT FOR WHICH APPELLANT HAD BEEN ACQUITTED IN A PREVIOUS COURT-MARTIAL WHERE THE EVIDENCE DID NOT SATISFY THE (sic) M.R.E. 404(B) AND 403, AND WHERE THE JUDGE DID NOT FIRST HEAR THE TESTIMONY AND MAKE THE REQUIRED DETERMINATIONS OF WHETHER THE MEMBERS COULD FIND THE MISCONDUCT OCCURRED.

IV. THE GOVERNMENT FAILED TO PROVE BEYOND A REASONABLE DOUBT APPELLANT'S GUILT TO THE CHARGE AND ITS SPECIFICATIONS.

V. THE MILITARY JUDGE ERRED IN INSTRUCTING THE MEMBERS, IN ANSWER TO A MEMBER'S SPECIFIC QUESTION, THAT A CHILD UNDER THE AGE OF SIXTEEN CANNOT CONSENT TO SEXUAL CONTACT.

VI. THE MILITARY JUDGE ERRED IN PUTTING BEFORE THE MEMBERS, OVER DEFENSE OBJECTION, ARTICLE 134 OFFENSES IN PLACE OF THE CHARGED ARTICLE 133 OFFENSES FOLLOWING THE GOVERNMENT'S FAILURE TO PROVE THAT APPELLANT WAS A COMMISSIONED OFFICER WHERE THE ARTICLE 134 OFFENSES WERE NOT LESSER INCLUDED AND APPELLANT WAS NOT ON NOTICE THAT HE MIGHT BE CONVICTED OF INDECENT LIBERTIES AND COMMUNICATING INDECENT LANGUAGE FOR THE CONDUCT ALLEGED IN THE ARTICLE 133 SPECIFICATIONS.

VII. THE MILITARY JUDGE ERRED IN ALLOWING THE GOVERNMENT, ON THE EVE OF TRIAL AND OVER DEFENSE OBJECTION, TO AMEND SPECIFICATIONS 2 AND 4 UNDER CHARGE I AND SPECIFICATION 2 UNDER CHARGE II TO ALLEGE A TIME PERIOD FAR REMOVED FROM THE DATE AGAINST WHICH APPELLANT HAD NOTICE TO DEFEND.

VIII. THE MILITARY JUDGE ERRED IN INSTRUCTING THE MEMBERS THEY COULD CONVICT APPELLANT OF BOTH INDECENT ACTS AND INDECENT ASSAULT FOR THE SAME CONDUCT, INSTEAD OF DISMISSING THE INDECENT ASSAULT OFFENSES AS LESSER INCLUDED OFFENSES OF INDECENT ACTS.

IX. THE MILITARY JUDGE ERRED IN INSTRUCTING THE MEMBERS THAT THEY COULD CONVICT AND SENTENCE APPELLANT FOR TWO SPECIFICATIONS OF COMMUNICATING INDECENT LANGUAGE IN ADDITION TO THE INDECENT ACTS AND INDECENT ASSAULT OFFENSES, WHERE THE LANGUAGE COMMUNICATED WAS PART AND PARCEL OF THOSE OFFENSES.

X. THIS COURT CAN HAVE NO CONFIDENCE IN THE FAIRNESS OF THE ADJUDGED SENTENCE WHERE, DESPITE SUCCESSFUL DEFENSE OBJECTIONS, THE TRIAL COUNSEL ON TWO OCCASIONS IMPROPERLY REQUESTED THAT THE MEMBERS SENTENCE APPELLANT FOR THE ALLEGED PRIOR MISCONDUCT TESTIFIED TO BY THE [P] BOYS AND WHERE, DESPITE THE MILITARY JUDGE'S INSTRUCTIONS, THE MEMBERS SENTENCED APPELLANT TO TWENTY-FIVE YEARS CONFINEMENT JUST AS THE TRIAL COUNSEL IMPROPERLY SUGGESTED WAS APPROPRIATE TO PUNISH APPELLANT FOR ACTS AGAINST ALL FOUR BOYS.

XI. A SENTENCE WHICH INCLUDES CONFINEMENT FOR TEN YEARS, TOTAL FORFEITURES AND A DISHONORABLE DISCHARGE IS INAPPROPRIATELY SEVERE FOR THESE OFFENSES AND THIS APPELLANT.

XII. THE COURT-MARTIAL LACKED SUBJECT MATTER JURISDICTION OVER THE OFFENSES WHERE THE CIRCUMSTANCES OF THE OFFENSES LACKED ANY CONNECTION TO APPELLANT'S STATUS AS A MILITARY MEMBER.

XIII. THE MILITARY JUDGE ERRED IN DENYING APPELLANT'S POST-TRIAL MOTION FOR A FINDING OF NOT GUILTY OR, IN THE ALTERNATIVE, FOR A NEW TRIAL.

ally assaulting two teenage brothers [hereinafter the P brothers]. The Fort Devens allegations were similar, but not identical, to the allegations in this case. On 3 October 1995, the military judge in this case deferred ruling on the motion in limine but stated that, based on the proffers of proof, he was inclined to admit the testimony of the P brothers under Military Rule of Evidence 404(b) [hereinafter Mil.R.Evid.]. He directed the trial counsel to instruct the P brothers that if they testified they were not to mention the Fort Devens court-martial. The military judge concluded, "before actually admitting the testimony of [the P brothers], I am going to have a[n Article] 39(a) [UCMJ] session at some point during the actual trial so that I [can] at least preliminarily assess their testimony." The trial defense counsel then requested a delay in the trial date from 5 October 1995 to 16 November 1995. The military judge granted a delay until 12 October 1995.

Between 3 and 5 October 1995, appellant retained the same civilian defense counsel who represented him at the Fort Devens trial. The military judge received notification of the additional defense counsel prior to 12 October 1995 and rescheduled the trial to 29 November 1995. On 20 October 1995, the civilian defense counsel contacted Dr. Edwin J. Mikkelsen regarding his appearing as an expert witness. Dr. Mikkelsen, an associate professor in the Department of Psychiatry at Harvard Medical School, testified at the Fort Devens trial as an expert in false sexual abuse allegations by adolescents. At a telephonic Rule for Courts–Martial 802 session [hereinafter R.C.M.] on 20 November 1995, the defense asked for an indefinite delay because Dr. Mikkelsen could not appear on 29 November 1995 due to a scheduling conflict. The defense never requested the government to produce Dr. Mikkelsen as a witness pursuant to R.C.M. 703(c)(2). The trial counsel indicated a willingness to obtain Dr. Mikkelsen's testimony by video teleconference, but Dr. Mikkelsen was unable to participate. The military judge denied the request for a delay. The civilian defense counsel renewed this motion on 29 November 1995 and asked for a delay until 11 January 1996.

The military judge again denied the request for a delay.

During voir dire on 29 November 1995, the military defense counsel unexpectedly and inexplicably told the members that appellant had been previously acquitted in an earlier court-martial of similar allegations. Both the military defense counsel and the civilian defense counsel made opening statements immediately after the government's opening statement. The military defense counsel told the members that to understand the charges against appellant, "you must understand what happened at Fort Devens, Massachusetts a year and a half to two years ago, the trial and the events that led up to it. They are interrelated." The civilian defense counsel then told the members in detail about the Fort Devens allegations and trial. The trial counsel objected to the civilian defense counsel's opening statement, reminding the military judge that he had not yet ruled on the admissibility of this evidence. The judge overruled the objection, telling the members that if he decided not to admit this evidence then they should disregard this opening statement by the civilian defense counsel.

During the government's case on the merits, the defense tried to establish that the older T brother discovered the Fort Devens record of trial in appellant's home and used that information to fabricate the current charges because appellant refused to give the older T brother sixty dollars to rebuild a carburetor on the boy's truck.

At an Article 39(a), UCMJ, hearing near the end of the government's case, after the T brothers' testimony but prior to the P brothers' testimony, the trial counsel stated that their case had shown the similarities between the charges raised by the T brothers and the prior allegations by the P brothers. The trial counsel asked the military judge to make a ruling on the defense motion in limine concerning the testimony of the P brothers. The military judge responded:

> MJ: I am intending to, based on what I've heard here. I believe, in fact, that it is the defense's defense—those two boys—to be very honest with you. I believe that is their entire defense, and I believe the record of trial in the previous case is, in

fact, the defense's defense. I have sat here and observed the two witnesses yesterday and, in particular, that appears to me to be the entire strategy of the defense. And it appears to me that, in fact, while the defense has objected to it, it is clear that it is in their interest to have this admitted.

ATC: Thank you, Your Honor.

MJ: Is there anything additional to be taken up?

TC: Did the defense want to be heard on that at all?

MJ: They've already been heard counsel. I've heard ample argument from both sides on whether the law allows it or doesn't allow it.

Neither defense counsel said, or attempted to say, a single word during the military judge's ruling and subsequent exchange with the trial counsel.

### Uncharged Misconduct Raised by the P Brothers (AE III)

■ Absent plain error, a party must make a specific and timely objection to preserve an alleged error on appeal. Mil. R.Evid. 103; *United States v. Young*, 470 U.S. 1, 16, 105 S.Ct. 1038, 1046–47, 84 L.Ed.2d 1 (1985); *United States v. Rynning*, 47 M.J. 420, 421 (1998). A plain error is one that materially prejudices the substantial rights of the accused. UCMJ art. 59(a); Mil.R.Evid. 103(d). A pretrial motion in limine to exclude evidence does not automatically preserve an issue for appeal. *United States v. Dollente*, 45 M.J. 234, 240 (1996); *United States v. Johnson*, 35 M.J. 17, 21 (C.M.A.1992). If the judge declines to rule on the motion until the trial, the objection must be renewed at trial. *United States v. Mejia–Alarcon*, 995 F.2d 982, 987–88 (10th Cir.1993) (cited with approval in *Dollente*, 45 M.J. at 240). Appellant's brief does not allege that the military judge's decision was plain error, nor does it address how this issue was preserved for appeal.

■ We find that the defense pretrial motion in limine did not preserve the Mil. R.Evid. 404(b) objection to the P brothers' testimony. After the military judge deferred his ruling on the defense motion until the trial, the defense strategy clearly changed. Comments and questions by defense counsel during voir dire, opening statements, and cross-examination of the government's witnesses freely acknowledged the prior trial. As noted by the military judge during his ruling, the entire defense strategy seemed to be that the older T brother had access to the prior record of trial and that the current charges somehow derived from it. The failure of either defense counsel to respond to the judge's comment that it was in the defense's interest to have this testimony admitted was an acknowledgment that the defense no longer objected to the testimony of the P brothers.

■ Assuming the defense did preserve its objection to the P brothers' testimony, we find the testimony was properly admitted under Mil.R.Evid. 403 and 404(b) and *United States v. Reynolds*, 29 M.J. 105, 109 (C.M.A. 1989). The similarities between the charged offenses and the testimony of the P brothers overwhelmingly suggest a common plan. We specifically make the following findings of fact, under Article 66(c), UCMJ: (1) Both sets of victims were brothers from broken homes who lived with their respective mothers and stepfathers; (2) Both sets of brothers were approximately twelve and fifteen years old when appellant molested them; (3) Before sexually molesting his victims, appellant befriended these boys by playing basketball with them, giving them gifts and money, and taking them on trips to such places as shopping malls, movies, restaurants, and the beach; (4) With each victim, appellant would initiate the acts of sexual abuse by asking the victim about puberty, what the victim knew about sex, and whether the victim had any pubic hair. Appellant then coaxed each victim into showing him the victim's penis, which appellant would then touch or stroke in a similar fashion; (5) After molesting his victims, appellant told them not to tell anyone.

### Dr. Mikkelsen's Proposed Testimony on False Abuse Allegations (AE II)

■ Article 40, UCMJ, 10 U.S.C.A. § 840, provides that a military judge "may, for a

reasonable cause, grant a continuance to any party for such time, and as often, as may appear to be just." *See also* R.C.M. 906(b)(1). We review a military judge's decision concerning a continuance under an abuse of discretion standard. *United States v. Miller*, 47 M.J. 352, 358 (1997); *United States v. Royster*, 42 M.J. 488, 490 (1995); *United States v. Boswell*, 36 M.J. 807, 810 (A.C.M.R.1993).

■ We find Dr. Mikkelsen's unavailability was "the fault of or could have been prevented by" the defense. R.C.M. 703(b)(3). The defense team first contacted Dr. Mikkelsen on 20 October 1995. They should have determined at that time his availability to testify on 29 November 1995 and not have waited until a week before trial to notify the military judge of his unavailability. Additionally, on 22 November 1995, the defense team still did not have a specific date when Dr. Mikkelsen would be available to testify. Finally, the defense did not request the government to produce Dr. Mikkelsen as a witness as provided for by R.C.M. 703(c)(2). Under these circumstances, we find the military judge did not abuse his discretion in denying another delay in the trial to obtain the testimony of Dr. Mikkelsen.

We also find that this record does not establish that the testimony of Dr. Mikkelsen was "relevant and necessary." R.C.M. 703(b)(1). As noted in civilian defense counsel's trial brief, in the first trial Dr. Mikkelsen "opined that the Fort Devens' charges were false...." Dr. Mikkelsen apparently testified that the P brothers' testimony against appellant resulted from "transferred abuse." Specifically, one or both of the P brothers were subject to physical abuse by their stepfather and transferred this abuse into false sexual abuse allegations against appellant. In this case, there is no evidence that the stepfather of the T brothers was physically or sexually abusing them. The "transferred abuse" theory simply did not apply to the testimony of the T brothers. No other theory was presented to justify Dr. Mikkelsen's testimony.

■ The ultimate factual issue to be determined by the court members in this case was whether the T brothers were telling the truth. Dr. Mikkelsen's proposed testimony (without any showing of the basis of the testimony) was in essence that appellant was telling the truth and the boys were lying. A doctor's opinion whether sexual abuse did or did not occur is neither useful nor admissible. *United States v. Whitted*, 11 F.3d 782, 785 (8th Cir.1993). A witness may not "testify as to his or her opinion as to the guilt or innocence of the accused...." Manual for Courts–Martial, United States (1995 edition) [hereinafter MCM, 1995], app. 22, Mil. R.Evid. 704 analysis, at A22–48. In effect, Dr. Mikkelsen was offered as a human lie detector. Proffered expert testimony that is the "'functional equivalent' of an expert's opinion that the victim should not be believed is inadmissible." *United States v. Birdsall*, 47 M.J. 404, 410 (1998); *see also Rynning*, 47 M.J. at 423.

### Improper Sentencing Argument by Assistant Trial Counsel (AE X)

■ A trial counsel may forcefully argue for a specific sentence but must use fair blows based upon evidence properly before the court for sentencing, as well as any reasonably supported inferences from that evidence. *United States v. Kropf*, 39 M.J. 107, 108 (C.M.A.1994); *United States v. Doctor*, 7 U.S.C.M.A. 126, 21 C.M.R. 252, 259 (1956); *United States v. Thompson*, 37 M.J. 1023, 1027 (A.C.M.R.1993)(en banc); R.C.M. 1001(g). We consider the totality of the circumstances to determine whether a particular argument exceeds fair comment on the evidence and becomes improper. *Doctor*, 21 C.M.R. at 259 (citing *United States v. Socony–Vacuum Oil Co.*, 310 U.S. 150, 237–43, 60 S.Ct. 811, 850–53, 84 L.Ed. 1129 (1940)). In this case, the trial defense counsel objected at trial to the government's argument and preserved the issue for our review.

The assistant trial counsel's sentencing argument began, "A dishonorable discharge, total forfeitures of all pay and allowances, and confinement for twenty-five years is what the government asks you to find as punishment for what this child molester has done to [the first names of the P brothers and the T brothers]." The military judge

sustained an objection by the trial defense counsel and immediately instructed the members, "The accused is to be sentenced only for the offenses of which you have found him guilty. You may not consider, in adjudging a sentence, any other prior acts committed by the accused or that may have been committed by the accused." The assistant trial counsel resumed his argument, made a reference to appellant molesting the T brothers, and stated, "And this is not the first time, because you heard evidence about the similarities—." The military judge stopped the argument in mid-sentence and again instructed the members, "The members will disregard the counsel's remark. The issue of the previous matter was introduced for a limited purpose and may not be otherwise considered in the course of this matter." Assistant trial counsel quickly concluded his argument by again asking for twenty-five years of confinement.

Under the bifurcated court-martial process, evidence admitted for a limited purpose during the findings portion of the trial may also be admissible during the presentencing portion of the trial. During the presentencing procedure, the court-martial may consider "[a]ny evidence properly introduced on the merits before findings, including [e]vidence of other offenses or acts of misconduct even if introduced for a limited purpose." R.C.M. 1001(f)(2)(A). Because the evidence of appellant's prior bad acts with the P brothers was properly introduced during the findings portion of the trial under Mil.R.Evid. 404(b), the court-martial normally could consider it during the presentencing procedure. Dep't. of Army Pam. 27–9, Military Judges' Benchbook, para. 7–13–1 at 830–31 (30 Sep. 1996) [hereinafter Benchbook].

■■■ In this case, however, trial counsel's argument crossed the line when he specifically asked the members not only to consider appellant's prior bad acts, but also to sentence appellant for them. Due process of law dictates that an accused may be sentenced only for convicted offenses, not uncharged ones (or in this case offenses of which he was acquitted). *See United States v. Howe*, 37 M.J. 1062, 1065 (N.M.C.M.R. 1993) (citing *United States v. Eberhardt*, 417

F.2d 1009, 1015 (4th Cir.1969)). The military judge's rebuke of the trial counsel and his corrective instruction that appellant was "to be sentenced only for the offenses of which [he had] been found guilty" were entirely appropriate under these circumstances. Benchbook, para. 7–13–1 at 830–31.

■■■ Government appellate counsel concede this argument was improper, but argue that no relief is warranted by this court because of the military judge's prompt curative instructions. Despite the clear and timely corrective instructions by the military judge, we find appellant was prejudiced by the assistant trial counsel improperly asking the court to sentence appellant for acts against four boys (two from the charged misconduct and two from the uncharged misconduct).

Considering the inflammatory nature of the assistant trial counsel's argument, his two specific references to the P brother's allegations, and the imposition of the exact and severe sentence requested in the improper argument, we conclude "there is a fair risk that the accused was prejudiced by the prosecutor's remarks." *United States v. Shamberger*, 1 M.J. 377, 379 (C.M.A.1976) (citing *United States v. Gerlach*, 16 U.S.C.M.A. 383, 37 C.M.R. 3, 1966 WL 4592 (1966)). Under these circumstances, we are not satisfied that the court members followed the military judge's curative instructions. We will reassess the sentence.

### Factual Sufficiency (AE IV)

Appellant asserts that all of the specifications are factually insufficient. *See United States v. Turner*, 25 M.J. 324, 325 (C.M.A. 1987). We agree as to Specification 5. The record contains no evidence that the appellant showed pornographic materials to any minor boys. We also find that the evidence that he offered alcoholic beverages to minor boys is contradictory and unpersuasive. Accordingly, we will set aside and dismiss Specification 5 and reassess the sentence.

### Defective Pleadings

■■■ Although not raised by appellant, the two indecent assault specifications (Specifications 3 and 4) are defective in that they fail to allege or describe in any manner how

the assaults occurred. *See* MCM, 1995, Part IV, para. 63(b)(1). Furthermore, appellant alleges (AE VIII), and the government concedes, that under the facts of this case these two indecent assault specifications were lesser-included offenses of the two indecent acts with a child specifications (Specifications 1 and 2). *United States v. Kibler*, 43 M.J. 725, 730 (Army Ct.Crim.App.1995), *aff'd*, 46 M.J. 160 (1996)(summary disposition). Because of these two errors, we will set aside and dismiss the indecent assault specifications (Specifications 3 and 4) and reassess the sentence.

 The two indecent language specifications (Specifications 6 and 7) are also defective in that they fail to allege that the communicated language was "indecent" as required by the MCM, 1995, Part IV, para. 89. Additionally, the military judge failed to define "indecent language" for the court members. *See* MCM, 1995, Part IV, para. 89c. When one of the members subsequently asked if there was a specific definition for "indecent language," the military judge erroneously responded, "The elements of that offense are, in fact, the definition of it." Because of this combination of errors, we will set aside and dismiss the two indecent language specifications (Specifications 6 and 7) and reassess the sentence.

This case is the latest example in a disturbing increase in the number of careless courts-martial reviewed by this court. *See also United States v. Yarbrough*, 36 M.J. 1071, 1074 (A.C.M.R.1993)(Crean, S.J., concurring). Defective pleadings, improper argument, and failure to perform a proper analysis of the elements of proof were the culprits in this case. Other recent cases reflected failures to charge the proper offenses, failures to account for all named court members, inclusion of the wrong convening orders in the records of trial, missing exhibits from the record of trial, inaccurate post-trial recommendations, inaccurate promulgating orders, and unauthenticated records of trial. These errors are attributable, at least

in part, to a smaller Army with fewer courts-martial. To combat this loss of experience opportunities, we who practice military justice today must pay particular attention to detail in all aspects of military justice matters. Prior to preferring charges, the evidence must be analyzed and compared with the discussions of the elements of proof to determine the appropriate charges. *See* MCM, 1995, Part IV. Trial counsel, chiefs of military justice, and staff judge advocates should compare proposed specifications against the sample specifications in the Manual for Courts–Martial when preferring and referring charges. Post-trial recommendations and promulgating orders must be carefully checked for accuracy. Records of trial must be complete and reliable. Staff judge advocates,[3] you are responsible. You and the judge advocates, legal warrant officers, and legal noncommissioned officers at every level of your jurisdiction's military justice operations need to reemphasize personal responsibility, accuracy, and attention to detail in every military justice action. Strict adherence to these simple, basic concepts is essential if we are legitimately to claim a core competency in military justice.

### Decision

During oral argument civilian appellate defense counsel conceded that after further review of the record, the defense no longer asserted any error concerning the referral of the charges (AE 1). We agree. Our dismissal of five specifications eliminates any need for us to address assignments of error VI, VIII or IX. We have considered assignments of error V, VII, XI, XII, and XIII, as well as the matters personally submitted by appellant under *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), and find them to be without merit.

The findings of guilty of Specifications 3, 4, 5, 6, and 7 of the Charge are set aside and those specifications are dismissed. The remaining findings of guilty are legally and factually sufficient and are affirmed. *Jack-*

---

3. A new staff judge advocate (as a result of a routine summer reassignment) prepared an addendum to the original staff judge advocate's recommendation in this case. The new staff judge advocate recommended that the convening authority approve only 15 of the 25 years of the adjudged confinement for numerous reasons, including the government's improper sentencing argument.

*son v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Turner,* 25 M.J. at 325. Reassessing the sentence on the basis of the noted errors, the entire record, and *United States v. Sales,* 22 M.J. 305 (C.M.A. 1986), the court affirms only so much of the sentence as provides for a dishonorable discharge,[4] confinement for six years, and forfeiture of all pay and allowances.

Senior Judge TOOMEY and Judge TRANT concur.

---

4. A warrant officer who is not commissioned is eligible for a dishonorable discharge, not a dismissal. R.C.M. 1003(b)(9)(A) and (B).