**UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS**
**Washington, D.C.**

**UNITED STATES**

**v.**

**Felix J. RIVERA**
**Operations Specialist First Class (E-6), U.S. Coast Guard**

**CGCMG 0197**

**Docket No. 1216**

**1 November 2005**

General Court-Martial convened by Commander, Seventh Coast Guard District. Tried at Miami, Florida, on 16 – 20 December 2003.

| | |
|---|---|
| Military Judge: | COL Robert L. Swann, JAGC, USA |
| Trial Counsel: | CDR James D. Carlson, USCG |
| Assistant Trial Counsel: | LT Joseph E. Kramek, USCG |
| Detailed Defense Counsel: | LT R. Lee McElroy, JAGC, USNR |
| Assistant Detailed Defense Counsel: | LT Anne Y. Marks, JAGC, USNR |
| Civilian Appellate Defense Counsel: | William E. Cassara, Esq. |
| Detailed Appellate Defense Counsel: | LCDR Nancy J. Truax, USCG |
| Appellate Government Counsel: | LCDR John S. Luce, Jr. USCG |

**BEFORE**
**PANEL TEN**
**BAUM, McCLELLAND, & FELICETTI**
Appellate Military Judges

BAUM, Chief Judge:

Appellant was tried by a general court-martial composed of officer and enlisted members. Despite his pleas of not guilty, he was convicted of one specification of attempted forcible sodomy on a child under the age of twelve years in violation of Article 80, Uniform Code of Military Justice (UCMJ); one specification of forcible sodomy on a child under the age of twelve years in violation of Article 125, UCMJ; and three specifications of taking indecent liberties with a female under sixteen years of age, and one specification of committing an indecent act upon a female under sixteen years of age

in violation of Article 134, UCMJ.  The members sentenced Appellant to a bad-conduct discharge, confinement for three years, and reduction to E-1.  The Convening Authority changed the adjudged reduction from E-1 to E-4 and approved the sentence as changed.  Before this Court, Appellant has assigned eight errors, three of which were orally argued.[1]

The orally argued errors, assignments I, II, and IV, along with assignment of error III, will be addressed.  After careful consideration, the other assignments of error are deemed to be without merit and are summarily rejected.

## Assignment I

In his first assignment of error, Appellant contends that the record is legally and factually insufficient to support findings of guilty of sodomy and attempted sodomy with another.  Appellant's argument with respect to the attempted sodomy offense centers on claimed contradictory statements by the alleged victim.  She testified that Appellant tried to force her to take his penis in her mouth but that she prevented that act by keeping her mouth closed.  Appellant contends that her testimony is inherently unreliable because it flatly contradicts earlier statements she made to a doctor, who was one of the prosecution's expert witnesses.  According to her account to the doctor Appellant had, in fact, placed

---

[1] The eight errors assigned by Appellant are:

**I.** THAT THE EVIDENCE OF RECORD IS LEGALLY AND FACTUALLY INSUFFICIENT TO SUPPORT A FINDING OF GUILTY OF SODOMY OR ATTEMPTED SODOMY WITH ANOTHER.
**II.** THAT THE EVIDENCE IS LEGALLY AND FACTUALLY INSUFFICIENT TO SUSTAIN GUILTY FINDINGS OF THE INDECENT LIBERTIES AND INDECENT ACTS OFFENSES.
**III.** THAT UNITED STATES V. WALTERS, 58 M.J. 392 (C.A.A.F. 2003) MANDATES REVERSAL OF THE FINDINGS AND SENTENCE IN THIS CASE, BECAUSE THE COURT-MARTIAL PANEL FAILED TO SPECIFY THE DATE UPON WHICH THEY BASED THEIR FINDINGS.
**IV.** THAT THE FINDINGS AND SENTENCE IN THIS CASE MUST BE SET ASIDE, BECAUSE THE GOVERNMENT DID NOT PRESENT EVIDENCE OF THE INTERPRETER'S QUALIFICATIONS, AND THE MILITARY JUDGE FAILED TO FIND HER TO BE QUALIFIED, AS REQUIRED BY THE RULES FOR COURTS-MARTIAL, THE MILITARY RULES OF EVIDENCE AND THE UCMJ.
**V.** THAT THE SPECIFICATIONS AND FINDINGS REPRESENT AN UNREASONABLE MULTIPLICATION OF CHARGES.
**VI**. THAT THE GOVERNMENT CONDUCTED AN INADEQUATE INVESTIGATION OF EXCULPATORY EVIDENCE DISCOVERED AFTER THE TRIAL.
**VII.** THAT THE CONVENING AUTHORITY IMPROPERLY REFUSED TO DISAPPROVE THE FINDINGS BASED ON SUBSTANTIAL EVIDENCE OF THE ADMISSION BY THE ALLEGED VICTIM, MTC, THAT SHE HAD FABRICATED HER ALLEGATION AGAINST APPELLANT.

his penis in her mouth. The specification under Additional Charge I alleged attempted sodomy without stating the factual basis, but the members were instructed on the elements of attempted oral sodomy for that offense and, based on the evidence, the members returned a finding of guilty of attempted sodomy. The trial court members obviously chose to believe the testimony given by the victim at trial as the correct account rather than the one given to the doctor before trial. We, too, are convinced beyond a reasonable doubt by the victim's testimony and reject Appellant's argument on this offense for that reason.

In its response, the Government asserts that a bill of particulars set out the prosecution's theory for that offense under Additional Charge I as attempted anal sodomy rather than oral sodomy and the Government contends that the prosecution is bound by that theory. Since no evidence of attempted anal sodomy was introduced, the Government submits that this Court should set aside the one finding of guilty of attempted sodomy under Additional Charge I. Appellant, in his reply brief, has joined in that request. The Government in its brief states:

> Generally, the Government is limited by a bill of particulars. *See e.g.*, *United States v. Haskins*, 345 F. 2d 111, 114 (6th Cir. 1965); Francis A. Gilligan & Fredric I. Lederer, Court-Martial Procedure § 6-13.00, n17 (2nd ed. 1999); *cf.*, *United States v. Harris*, 25 M.J. 281, 283 (C.M.A. 1987) (holding that when an appellant affirmatively declines a bill of particulars he can not on appeal claim that he was misled when convicted of a lesser included offense).

Gov't Br. at 10.

On the other hand, the purposes of a bill of particulars are to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at time of trial and to enable him to plead his acquittal or conviction in bar of another

---

**VIII.** THAT THE MILITARY JUDGE'S ERRONEOUS RULINGS ON TWO KEY PIECES OF EVIDENCE SUBSTANTIALLY PREJUDICED APPELLANT'S RIGHT TO A FAIR TRIAL.

prosecution for the same offense when the indictment itself is too vague and indefinite for such purposes. *United States v. Francisco*, 575 F.2d 815, 818 (10th Cir. 1978) (citing *United States v. Haskins*, 345 F. 2d at 114); Rule for Court-Martial (R.C.M.) 906(b)(6) Discussion, Manual for Courts-Martial, United States, (2002 ed.). A bill of particulars is not a part of the indictment or of the charge to the jury. *Francisco*, 575 F.2d at 819. In military practice, the bill of particulars is not a part of the specification. R.C.M. 906(b)(6) Discussion.

In this case, the Appellant clearly knew at trial that he stood accused of attempted oral sodomy since the bill of particulars for Charge II included this allegation. It is also clear that no one at trial considered the Government bound by the bill of particulars with respect to the charge of attempted sodomy. The Government offered no evidence of attempted anal sodomy and the defense did not challenge the treatment of Additional Charge I as an attempted oral sodomy offense. The defense did not object to the military judge's instruction on this charge as attempted oral sodomy and everyone proceeded on that theory of the offense. The trial court's guilty finding clearly relates to oral sodomy, not anal sodomy. There is no danger the Appellant could be prosecuted a second time for the same offense. We do not believe, under these facts, that the Government is bound by the bill of particulars with respect to Additional Charge I and we will not set aside the finding of guilty as recommended by the Government and Appellant.

Appellant was also convicted of one specification of sodomy on "divers occasions from June 2000 to December 2002," as alleged under Charge II. He argues in his assigned error that the critical element of unnatural carnal penetration has not been established either under factual or legal standards, the former requiring the evidence to convince this Court beyond a reasonable doubt, *United States v. Turner*, 25 M.J. 324 (C.M.A. 1987), and the latter calling for us to determine whether any rational fact finder could have found the essential elements beyond a reasonable doubt from evidence considered in a light most

favorable to the Government. *Id.* At most, according to Appellant, the alleged victim testified that Appellant had placed his mouth "in her vaginal area," which Appellant submits falls short of proving the requisite penetration for Charge III.

The Government disagrees, contending that this testimony raises an inference of penetration sufficient to establish that element, when considered with other testimony that Appellant would move his tongue up and down when he touched the alleged victim's vagina with his mouth and testimony about the vagina which includes both the internal and external organs. In support of its argument, the Government cites, among other cases, *United States v. Ruppel*, 45 M.J. 578 (A.F.Ct.Crim.App. 1997), which held that penetration had been established on facts very similar to those in our case. We find the analysis and rationale of *Ruppel* persuasive. It leads us to conclude also that the evidence of penetration is convincing beyond a reasonable doubt. For that reason Appellant's assignment of error I is rejected.

## Assignments II & III

Appellant's second assignment asserts that the evidence is legally and factually insufficient to sustain findings of guilty of indecent liberties and indecent acts in specifications 1, 2, and 3, of Charge III and the specification under Additional Charge II. He bases his argument on the contention that the alleged victim's testimony is unworthy of belief, and, when weighed against Appellant's "emphatic and unwavering denial of the offenses," that the guilty findings should be set aside. The Government, in response, argues that the alleged victim's testimony is credible, and that we should be convinced of Appellant's guilt beyond a reasonable doubt after weighing the evidence and making allowances for not having personally observed the witnesses. We have weighed the evidence, as requested, and are convinced by it beyond a reasonable doubt that Appellant committed the acts resulting in the guilty findings with respect to specifications 2 and 3 of Charge III and the specification under Additional Charge II.

In assignment of error III, Appellant asserts that *United States v. Walters*, 58 M.J. 391 (C.A.A.F. 2003) mandates reversal of all the findings of guilty because the trial court failed to specify the dates when the offenses occurred, resulting in manifest ambiguity in the findings. In its answer, the Government contends that *United States v. Walters* is limited to the narrow situation where divers occasions are alleged, but the Court finds only one instance, without specifying when that offense occurred. Citing *United States v. Seider*, 60 M.J. 36 (C.A.A.F. 2004), along with *Walters*, the Government concedes that this unique scenario is presented by specification 1 of Charge III's finding of guilty That specification alleges indecent liberties by Appellant with a minor on divers occasions by showing her pornographic material on television and the computer. The trial court found Appellant guilty by exceptions and substitutions of showing the material on the television on only one occasion, but did not specify when that happened. The Government submits that, since evidence of more than one occasion was introduced, it is impossible for us to determine which instance forms the basis for the guilty finding and which instances resulted in not-guilty findings. Without that information, the Government asserts that *United States v. Walters* and *United States v. Seider* make it clear that our Article 66, UCMJ responsibilities cannot be carried out, since we are precluded from affirming findings of guilty of offenses for which the trial court acquitted. We agree, and will set aside the finding of guilty by exceptions and substitutions of specification 1 of Charge III, as recommended by the Government. We do not agree with Appellant, however, that all the remaining findings of guilty must be set aside for the same reason. Accordingly, we reject assignment of error III with respect to the other convictions.

**Assignment IV**

Assignment of error IV challenges all of the findings of guilty based on the Government's failure to present evidence of the qualifications of an interpreter

of Spanish used by the Government for the alleged victim's testimony, and the military judge's failure to find the interpreter qualified, as required, according to Appellant, by the Military Rules of Evidence (M.R.E.), as well as the R.C.M. and the UCMJ. Appellant argues that he was prejudiced by the failure to qualify the interpreter in accordance with M.R.E. 604, which states that an interpreter is subject to the rules relating to qualification as an expert. The Government acknowledges that the interpreter's qualifications were not placed on the record, but responds that Appellant failed to question the interpreter's qualifications at trial, raising the issue for the first time on appeal. Citing *United States v. Rynning*, 47 M.J. 420, 421 (C.A.A.F. 1998) and *United States v. Holt*, 33 M.J. 400, 406 (C.M.A. 1991), the Government contends that objections to an expert's qualifications are waived if not timely made, and can only be overcome by plain error, which requires that (1) there was error, (2) the error was plain, that is, clear or obvious, and (3) that it materially prejudiced Appellant's substantial rights. The Government argues that any error in not qualifying the interpreter at trial was less than plain error, and therefore was waived by Appellant's failure to object.

With respect to the issue of prejudice from failure to qualify the interpreter on the record, we note that Appellant has not challenged the accuracy of the interpreter's translations by citing to specific errors in her account of the witness's testimony. Instead, Appellant in his brief submits that the testimony is often contradictory, revealing frequent confusion by the witness, and general failure to clearly express herself, but acknowledges that "[i]t is simply unclear from the record whether these deficiencies are the result of [the witness's] contradictory testimony, or the poor quality of the translation." Appellant has not asserted that the interpreter was in fact unqualified to translate from Spanish to English, only that her qualifications were not made a matter of record. Without something showing her deficiency as an interpreter that resulted in inaccurate translations, we find that prejudice from failure to qualify the interpreter on the record has not been established. Thus, the asserted error was not plain error and we deem

Appellant's failure to object at trial to have waived the error. For this reason, Appellant's fourth assignment of error is rejected.

## Decision

In light of the foregoing discussion with regard to assignment of error III, specification 1 under Charge III is set aside and dismissed. The remaining findings of guilty are deemed to be correct in law and fact and are affirmed. We have reassessed the sentence and have concluded that a lesser sentence would not have been imposed even if the offense that has been set aside had not been before the court. We have also determined, upon reassessment, that on the basis of the entire record the sentence should be approved. Accordingly, the sentence, as approved and partially suspended below, is affirmed.

Judges MCCLELLAND and FELICETTI concur.



For the Court,

Roy Shannon Jr.
Clerk of the Court