UNITED STATES, Appellee,

v.

**Stephen A. ROBBINS, Hull Maintenance Technician Third Class, U.S. Navy, Appellant.**

No. 99–0421.
Crim.App. No. 97–0652.

U.S. Court of Appeals for
the Armed Forces.

Argued Dec. 10, 1999.

Decided April 7, 2000.

EFFRON, J., delivered the opinion of the Court, in which CRAWFORD, C.J., SULLIVAN and GIERKE, JJ., and EVERETT, S.J., joined.

For Appellant: *Lieutenant Commander Robert C. Klant*, JAGC, USN (argued).

For Appellee: *Lieutenant James E. Grimes*, JAGC, USNR (argued); *Colonel Kevin M. Sandkuhler*, USMC, and *Commander Eugene E. Irvin*, JAGC, USN (on brief).

Judge EFFRON delivered the opinion of the Court.

A general court-martial composed of a military judge sitting alone convicted appellant,

contrary to his pleas, of 2 specifications of sodomy with a child under the age of 16 years and 1 specification of dishonorably failing to pay a just debt, in violation of Articles 125 and 134, Uniform Code of Military Justice, 10 USC §§ 925 and 934, respectively. He was sentenced to a dishonorable discharge, confinement for 7 years, total forfeitures, and reduction to the lowest enlisted grade. The convening authority approved these results, and the Court of Criminal Appeals affirmed in an unpublished opinion.

On appellant's petition, we granted review of the following issues:

## I

WHETHER THE LOWER COURT ERRED IN FINDING THAT IT WAS NOT PLAIN ERROR FOR THE MILITARY JUDGE TO ADMIT A WITNESS'S TESTIMONY THAT THE CHILD ABUSE ALLEGATIONS AGAINST APPELLANT WERE CLINICALLY SUBSTANTIATED.

## II

WHETHER THE LOWER COURT ERRED IN FINDING THAT IT WAS NOT PLAIN ERROR FOR THE MILITARY JUDGE TO ADMIT A WITNESS'S TESTIMONY THAT SHE BELIEVED THE VICTIM.

We affirm for the reasons set forth below.

## I. BACKGROUND

### A. The Testimony at Issue

In this judge-alone trial, the victim of the charged sodomies, appellant's 7–year–old stepdaughter, testified and provided detailed information concerning both incidents. In support of the victim's credibility, the prosecution sought to offer into evidence statements made by the victim and her mother to Ms. Winona Gilliam, a clinical social worker who had counseled them both. The defense objected to the hearsay nature of Ms. Gilliam's repetition of the statements made by the victim and her mother. See Mil.R.Evid. 801–802, Manual for Courts–Martial, United States (1998 ed.) The prosecution responded that the statements were admissible as exceptions to the hearsay rule under Mil. R.Evid. 803(4) (statements made for purposes of medical treatment) and 803(6) (business records). In an effort to establish a foundation for admitting the hearsay statements under these exceptions, the prosecution offered the testimony of Ms. Gilliam concerning the circumstances surrounding the making of the statements.

As part of this background, Ms. Gilliam stated that she became involved in the case when the victim's mother requested counseling for her daughter and herself concerning the sexual abuse allegations. According to Ms. Gilliam, her role, as part of the "child sexual abuse team," involved meeting with the parties, ascertaining facts, and offering referrals for counseling. She testified that she kept notes of the counseling sessions that were reviewed by the "child sexual abuse case review committee," which included 12–15 clinical practitioners.

In the course of describing the circumstances surrounding the hearsay statements, she testified—without defense objection—that the child sexual abuse case review committee was responsible for determining the credibility of allegations. She added that if the committee determined that the allegations were substantiated, it would ascertain the safety of the victim and the amenability of the perpetrator to treatment. The committee also was responsible for making a treatment referral for both the victim and the perpetrator.

Trial counsel then asked Ms. Gilliam whether in this particular case the allegation was "substantiated, clinically." There was no defense objection, and she gave an affirmative response.

The military judge ruled that the hearsay testimony relating the statements made by the victim and her mother to Ms. Gilliam did not constitute business records under Mil. R.Evid. 803(6) but concluded that the statements were admissible under the medical treatment exception in Mil.R.Evid. 803(4). At a subsequent point in the trial, the military judge indicated that he would "give very little weight to [Ms. Gilliam's] testimony."

The second granted issue concerns the testimony of Ms. Yolanda Crossley, a friend of the family. The victim first disclosed the abuse allegations to Ms. Crossley, who waited 1 week before she disclosed the allegations to the victim's mother. That disclosure led to the charges in this case.

The prosecution sought to introduce Ms. Crossley's testimony as to what the victim told her on the grounds that the victim's hearsay statements were admissible under Mil.R.Evid. 803(2) (excited utterance). After repeated unsuccessful attempts to lay a proper foundation for this testimony, the military judge did not permit Ms. Crossley to testify as to the victim's statements.

The prosecution then sought to use the statements for the limited purpose of setting forth the sequence of events to explain why Ms. Crossley delayed for a week in reporting the information to the victim's mother. The prosecution stated that it was offering her testimony "not for the truth of the matter, but to indicate then why Ms. Crossley took the action she did, or behaved the way she did subsequently." The military judge agreed to admit the statements for this limited purpose, emphasizing that he would "not consider anything that she may testify to for the truth of what [the victim] told her."

In the context of testifying for this limited purpose, Ms. Crossley provided information concerning her conversation with the victim, and explained why she did not inform anyone about the allegations for approximately a week. In the course of her testimony, she was asked whether she thought the victim "was lying about what she told you." There was no defense objection to this question, and Ms. Crossley responded: "No. It didn't sound like a lie. It didn't sound like it was made up. It didn't sound like it was rehearsed." Later in her testimony, when the prosecution asked Ms. Crossley about appellant's credibility, the defense objected. The military judge sustained the objection, noting that the witness could not serve as "a human lie detector machine."

### B. Plain Error

The defense objections at trial concerned the hearsay nature of the testimony offered by Ms. Crossley and Ms. Gilliam as to the content of statements made by the victim and the victim's mother. The propriety of the military judge's ruling on the hearsay questions is not at issue in the present appeal. The granted issues concern other statements made by the witnesses, not objected to by the defense, concerning assessments of the credibility of the victim.

■ As a general matter, error may not be predicated upon the admission of testimony unless there is a timely objection on the record. Mil.R.Evid. 103(a)(1). As an exception, an appellate court may take notice of plain error even though not brought to the attention of the military judge if the appellant demonstrates that there was an error, that the error was plain ("clear" or "obvious"), and that the error materially prejudiced the substantial rights of the appellant. *United States v. Powell*, 49 MJ 460, 463–65 (1998). *See* Art. 59(a), UCMJ, 10 USC § 859(a); Mil.R.Evid. 103(d).

■ When the issue of plain error involves a judge-alone trial, an appellant faces a particularly high hurdle. A military judge is presumed to know the law and apply it correctly, is presumed capable of filtering out inadmissible evidence, and is presumed not to have relied on such evidence on the question of guilt or innocence. *See United States v. Raya*, 45 MJ 251, 253 (1996). As a result, "plain error before a military judge sitting alone is rare indeed." *Id.; see United States v. Cacy*, 43 MJ 214, 218 (1995) (citing *United States v. Cardenas*, 9 F.3d 1139, 1156 (5th Cir.1993), *cert. denied*, 15 F.3d 1081 (1994), *cert. denied*, 511 U.S. 1134, 114 S.Ct. 2150 (1994)).

### C. Expert Testimony on Credibility

■ We have previously noted that an "expert in child abuse may not act as a human lie detector for the court-martial.... [C]hild-abuse experts are not permitted to opine as to the credibility or believability of victims or other witnesses." *United States v. Birdsall*, 47 MJ 404, 410 (1998) (citing *United States v. Harrison*, 31 MJ 330, 332 (CMA 1990)); *United States v. Arruza*, 26 MJ 234 (CMA 1988); *United States v. Petersen*, 24

MJ 283 (CMA 1987). Such testimony exceeds the scope of an expert's qualifications, violates the limits on character evidence under Mil.R.Evid. 608(a), and usurps the exclusive responsibility of the court-martial panel to weigh evidence and determine credibility. *Birdsall,* 47 MJ at 410. The same considerations would apply to conclusions as to guilt or innocence offered by a nonexpert.

## II. DISCUSSION

■ In *Birdsall,* we concluded that prejudicial plain error occurred when the military judge admitted into evidence expert-opinion testimony that the accused's sons' complaints of sexual abuse were truthful. *Id.* The present case, however, is distinguishable from *Birdsall.* In *Birdsall,* the case was tried before a court-martial panel, where the prejudicial impact of testimony that arguably usurped the panel's factfinding function would be at its greatest. *Id.* The present case, however, was tried by a military judge sitting alone, who presumably knew the well-established law concerning the limits of expert testimony. *See U.S. v. Raya, supra.*

Moreover, while the testimony of the witnesses in *Birdsall* focused on the credibility of the victim, the witnesses in the present case were called by the prosecution in an effort to have them testify as to the out-of-court statements made by the victim, the victim's mother, and appellant. The statements touching upon credibility were incidental to the prosecution's efforts to establish a foundation for admissibility of the statements under pertinent exceptions to the hearsay rule, *see* Mil.R.Evid. 803(2), (4), and (6), and to explain the sequence of events.

As the Fifth Circuit noted in *Cardenas,* a trial judge "is presumed to have rested his verdict only on the admissible evidence before him and to have disregarded that which is inadmissible." 9 F.3d at 1156. Reliance on such a presumption is particularly appropriate in the present case, where the military judge stated that he made his own determination as to the victim's credibility after he had observed her in-court testimony and the testimony of appellant. In that regard, we note the military judge's statement that, in his view, the victim "was not lying nor was she manipulat[ed] in this courtroom" and that he "found her to be totally credible."

## III. CONCLUSION

The military judge made it clear that he would not consider Ms. Crossley's testimony for the truth of what the victim may have told her and he emphasized that he was giving "very little weight" to Ms. Gilliam's testimony. In that context, and in the setting of a judge-alone trial where the military judge was able to assess the credibility of the victim, we agree with the court below that any error in admission of the statements at issue was not prejudicial.

## IV. DECISION

The decision of the United States Navy–Marine Corps Court of Criminal Appeals is affirmed.