# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 39192**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Elijah M. LANGHORNE**
Airman Basic (E-1), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 18 April 2018

————————————

*Military Judge:* James E. Key, III.

*Approved sentence:* Bad-conduct discharge and confinement for 6 months. Sentence adjudged 6 October 2016 by GCM convened at Tinker Air Force Base, Oklahoma.

*For Appellant:* Major Annie W. Morgan, USAF; Brian L. Mizer, Esquire.

*For Appellee:* Major Collin F. Delaney, USAF; Major Mary Ellen Payne, USAF.

Before JOHNSON, MINK, and DENNIS, *Appellate Military Judges.*

Judge DENNIS delivered the opinion of the court, in which Senior Judge JOHNSON and Judge MINK joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

DENNIS, Judge:

A general court-martial composed of a military judge sitting alone convicted Appellant, in accordance with his pleas, of one specification each of attempted sale of military property of a value less than $500.00, without proper

authority, attempted sale of military property of a value more than $500.00, without proper authority, and larceny of military property of a value more than $500.00, in violation of Articles 80 and 121, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 880, 921. Appellant's adjudged and approved sentence consisted of a bad-conduct discharge and confinement for six months.

Appellant raises one issue on appeal: Did the military judge abuse his discretion when he failed to require trial counsel to establish a good faith basis for asking a defense character witness if she was aware "Appellant had previously lied under oath?" We find that Appellant, not having raised the issue at trial, has failed to demonstrate plain error that materially prejudiced his substantial rights. Accordingly, we affirm the findings and sentence.

## I. BACKGROUND

This is Appellant's second court-martial. Appellant's first court-martial convicted him of two specifications of conspiracy to commit premeditated murder and one specification each of aggravated arson of an inhabited dwelling and reckless endangerment by wantonly setting fire to a dwelling, likely to cause death or grievous bodily harm, in violation of Articles 81, 126 and 134, UCMJ, 10 U.S.C. §§ 881, 926, 934. *United States v. Langhorne*, ___ M.J. ___, No. ACM 39047, 2017 CCA LEXIS 746, at *1 (A.F. Ct. Crim. App. 5 Dec. 2017). On the eve of Appellant's first court-martial, law enforcement officials executed a search authorization on his storage unit. They discovered several items labeled "Property of United States Government." A subsequent investigation revealed that over the course of approximately two years, Appellant had taken several items from his unit. Without authority, Appellant attempted to sell some of the items and retained others for his personal use.

After Appellant pleaded guilty in his second court-martial, he introduced several character letters for the military judge to consider in determining a sentence. In rebuttal, the Government called one character letter's author, KW, to test her opinion that Appellant had "outstanding potential for rehabilitation." The Government asked several questions to elicit whether KW was aware of other misconduct Appellant had committed. Many of the questions involved the offenses for which Appellant had been convicted at his first court-martial. The Government also asked questions related to uncharged misconduct, including questioning KW whether she was "aware that when [Appellant] took the stand to testify on a motion at his previous trial that he lied under oath." KW stated she was not aware. Trial defense counsel did not object to the line of questioning, but the military judge later commented on KW's testimony.

> Military Judge: [T]his is a lot of information I have not heard before, so I, of course, caution counsel to ensure you have a good faith basis for all the issues that you are asking her about.

> Senior Trial Counsel: Absolutely, Your Honor. The government does have a good faith basis for each of the questions that we're asking.

> Military Judge: Very well.

The Defense cross-examined the witness and asked whether she was aware Appellant had never been charged or found guilty of lying under oath. There was no further comment in the second court-martial as to whether Appellant had otherwise lied under oath.

## II. DISCUSSION

Appellant asserts that the military judge erred in failing to require trial counsel to articulate a good faith basis for asking whether a witness was aware Appellant had lied under oath. Under the facts of this case, we disagree.

As a threshold matter, Appellant did not challenge the Government's question at trial. Trial defense counsel did not object during the testimony, either before or after the military judge identified the need for a good faith basis to ask questions. Where an appellant has not challenged the admission of evidence at trial, the standard of review is plain error.[1] *United States v. Powell*, 49 M.J. 460 (C.A.A.F. 1998). To prevail under a plain error analysis, Appellant must demonstrate that (1) there was error, (2) the error was clear or obvious, and (3) the error materially prejudiced a substantial right. *United States v. Lopez*, 76 M.J. 151, 154 (C.A.A.F. 2017) (citation omitted).

On appeal, Appellant does not object to trial counsel's line of questioning. Rather, Appellant objects to the one question suggesting Appellant lied under oath. We cannot surmise from the record exactly what part of KW's testimony the military judge had in mind when he cautioned trial counsel to have a good faith basis for each question asked of the defense sentencing witness. That said, we need not decide whether the military judge was required to clarify the basis for the Government's claim of good faith[2] because Appellant fails to demonstrate prejudice.

Assuming *arguendo* trial counsel had no good faith basis to ask whether KW was aware Appellant had lied under oath, the question was harmless. Several factors lead us to this conclusion. First, the sentencing authority in this case was a military judge sitting alone. "When the issue of plain error involves

---

[1] Appellant's brief identifies abuse of discretion as the standard of review but does not address trial defense counsel's failure to object to the line of questioning at issue.

[2] *Cf. United States v. Kitching*, 23 M.J. 601, 603 (A.F.C.M.R. 1986) (stating "it would have been better practice for the military judge to ask to review the documentation" trial counsel cited as establishing a good faith basis for cross-examination).

a judge-alone trial, an appellant faces a particularly high hurdle." *United States v. Robbins*, 52 M.J. 455, 457 (C.A.A.F. 2000). Unlike members, a military judge is presumed to know the law and apply it correctly in determining a sentence. *United States v. Erickson*, 65 M.J. 221, 225 (C.A.A.F. 2007). Second, contrary to Appellant's assertion, the Government did not use the question to discredit KW's character letter. Although trial counsel argued that KW's letter was "essentially meaningless," he did so based on KW's testimony that she did not believe Appellant had committed the offenses to which he pleaded guilty. Third, the question at issue was merely one of several similarly styled questions trial counsel asked KW concerning Appellant's first trial and conviction. Because none of the other questions were objectionable, the one question at issue would have had little incremental effect, if any at all. Fourth, the questioning did not persuade KW to recant her character letter. These factors, in combination with a specific attestation of good faith from an officer of the court and no objection from defense counsel, lead us to conclude that the military judge's admission of the evidence did not prejudice a substantial right of Appellant, and thus, was not plain error.

## III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and the sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court