*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps Court of Criminal Appeals

Before
CRISFIELD, HITESMAN, and GASTON,
Appellate Military Judges

_____

**UNITED STATES**
Appellee

**v.**

**Bradley J. HUBBARD**
Sergeant (E-5), U.S. Marine Corps
Appellant

**No. 201800278**

Decided: 4 March 2020

Appeal from the United States Navy-Marine Corps Trial Judiciary. Military Judge: Lieutenant Colonel Eugene H. Robinson, USMC. Sentence adjudged 8 June 2018 by a general court-martial convened at Marine Corps Base Camp Foster, Okinawa, Japan, consisting of a military judge sitting alone. Sentence approved by the convening authority: a reprimand, reduction to pay grade E-1, confinement for six years, and a dishonorable discharge.[1]

For Appellant: Captain Kimberly D. Hinson, JAGC, USN.

For Appellee: Captain William J. Mossor, USMC; Lieutenant Kurt W. Siegal, JAGC, USN.

_____

[1] The convening authority suspended all confinement in excess of 18 months in accordance with a pretrial agreement.

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Appellate Procedure 30.2.**

_____

PER CURIAM:

A military judge sitting as a general court-martial convicted Appellant, in accordance with his pleas, of conspiracy to distribute MDMA,[2] exportation of MDMA, introduction of MDMA with the intent to distribute, and distribution of MDMA, in violation of Articles 81 and 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 881 and 912a (2012).

Appellant raises two assignments of error: (1) the military judge committed plain error by allowing the Government to introduce into evidence a complete Naval Criminal Investigative Service (NCIS) investigative report, and (2) his sentence to six years confinement is inappropriately severe. After careful consideration of the record of trial and the pleadings of the parties, we find no prejudicial error and affirm.

# I. BACKGROUND

Appellant purchased MDMA, a Schedule I controlled substance,[3] from a person in San Diego, California. The next month he deployed to Okinawa, Japan, and brought the MDMA with him with the intent to distribute it to other Marines. While in Okinawa, Appellant conspired with another Marine to distribute the MDMA to others and distributed a portion of the MDMA to him for that purpose. Appellant's co-conspirator set up a meeting with a prospective purchaser, who was actually an undercover Naval Criminal Investigative Service (NCIS) agent. NCIS apprehended the co-conspirator during the controlled buy. Appellant was apprehended shortly thereafter and gave incriminating statements, including a hand-written confession, to NCIS.

Appellant entered into a pretrial agreement (PTA) with the convening authority. In the PTA, Appellant agreed "not to object to . . . relevant Naval Criminal Investigative Service evidentiary material . . . or relevant state-

---

[2] MDMA is an acronym for 3,4-methylenedioxy-methamphetamine, also known as "ecstasy" or "molly."

[3] 21 U.S.C. § 812.

ments offered by the Government in aggravation."[4] He also stated: "I specifically, knowingly, and intelligently agree to waive" a motion for "[s]uppression of my statement given to the Naval Criminal Investigative Service on 23 January 2018."[5]

In aggravation, the Government offered into evidence Prosecution Exhibit 3, the 191-page NCIS investigation which contained Appellant's videotaped interrogation and hand-written confession of 23 January 2018. In the statements, Appellant admitted to committing the charged offenses as well as uncharged misconduct of distributing MDMA to Marines during the six months prior to his deployment to Okinawa. When asked by the military judge if he had an objection to Prosecution Exhibit 3, Appellant's counsel stated, "No objections."[6]

Additional facts necessary to resolution of the issues are contained in the discussion.

## II. DISCUSSION

### A. Appellant Waived Objection to his Statement to NCIS Containing Uncharged Misconduct

Waiver is "the intentional relinquishment or abandonment of a known right." *United States v. Ahern*, 76 M.J. 194, 197 (C.A.A.F. 2017) (quoting *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009)). We do not review waived issues, for "a valid waiver leaves no error to correct on appeal." *Id.*

In light of the terms in Appellant's PTA specifically agreeing that the Government could introduce relevant NCIS evidence and statements into evidence, his trial defense counsel's statement of "no objections" to the admission of the NCIS report (Prosecution Exhibit 3) constituted a waiver of any claim of error as to its admission. *See United States v. Swift*, 76 M.J. 210, 217 (C.A.A.F. 2017) (citing *United States v. Campos*, 67 M.J. 330, 332-33

---

[4] Appellate Exhibit II at 3.

[5] *Id.*

[6] Record at 72.

(C.A.A.F. 2009)); MILITARY RULE OF EVIDENCE 304(f)(1) MANUAL FOR COURTS-MARTIAL, UNITED STATES (2016 ed.).[7]

To the extent any irrelevant information was contained in Prosecution Exhibit 3, we assume that the military judge did not consider it in adjudging a sentence since military judges are presumed to know and apply the law correctly and to filter out inadmissible evidence. *United States v. Robbins*, 52 M.J. 455, 457 (C.A.A.F. 2000).

**B. Appellant's Sentence is Appropriate**

We review sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). "Sentence appropriateness involves the judicial function of assuring that justice is done and that the accused gets the punishment he deserves." *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988). This requires our "individualized consideration of the particular accused on the basis of the nature and seriousness of the offense and the character of the offender." *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (citation and internal quotation marks omitted). In making this assessment, we analyze the record as a whole. *Healy*, 26 M.J. at 395-97. Despite our significant discretion in determining sentence appropriateness, we may not engage in acts of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

We note that Appellant's offenses were very serious. He conspired with another Marine to distribute MDMA; exported MDMA from the United States to Japan onboard a government contracted flight for his deploying unit; introduced the MDMA onto a Marine Corps base in a foreign country with the intent to distribute it; and distributed the MDMA. The fact that he pleaded guilty to the offenses is mitigating and is factored into our analysis. We also consider that Appellant faced a maximum of 65 years of confinement, but received less than one-tenth of that amount.

Having given individualized consideration to the nature and seriousness of these crimes, Appellant's record of service, and all matters contained in the record of trial, including matters submitted by Appellant in extenuation and mitigation, we conclude the sentence as approved by the convening authority is not inappropriately severe and is appropriate for this offender and his offenses. *United States v. Baier*, 60 M.J. 382, 384-85 (C.A.A.F. 2005); *Healy*,

---

[7] Appellant also agreed in his pretrial agreement to waive any motion to suppress his statement to NCIS. Appellate Exhibit II at 4. That also constitutes waiver of admission of the evidence.

26 M.J. at 395-96; *Snelling*, 14 M.J. at 268. Granting sentence relief at this point would be to engage in clemency, which we decline to do. *Healy*, 26 M.J. at 395-96.

## III. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, we have determined that the approved findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred. Arts. 59, 66, UCMJ. Accordingly, the findings and sentence as approved by the convening authority are **AFFIRMED**.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court