# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 39960**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Timothy P. SHAW II**
Senior Airman (E-4), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 5 January 2022

————————————

*Military Judge:* Matthew N. McCall.

*Sentence:* Sentence adjudged on 16 July 2020 by GCM convened at Eglin Air Force Base (AFB), Florida. Sentence entered by military judge on 12 August 2020: Dishonorable discharge, confinement for six years, and reduction to E-1.

*For Appellant:* Major Jenna M. Arroyo, USAF.

*For Appellee:* Lieutenant Colonel Matthew J. Neil, USAF; Major Abbigayle C. Hunter, USAF; Mary Ellen Payne, Esquire.

Before LEWIS, RAMÍREZ, and OWEN, *Appellate Military Judges*.

Judge RAMÍREZ delivered the opinion of the court, in which Senior Judge LEWIS and Judge OWEN joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

RAMÍREZ, Judge:

A military judge sitting as a general court-martial convicted Appellant, in accordance with his pleas and pursuant to a plea agreement, of one charge and

two specifications of sexual abuse of a child by committing a lewd act upon a child who had not yet attained the age of 16,[1] both on divers occasions, in violation of Article 120b, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920b.[2]

The plea agreement contemplated that the confinement sentencing range for Charge I, Specification 3, would be from one to two years, and that the confinement sentencing range for Charge I, Specification 4, would be from two to five years. The plea agreement also required these periods of confinement to be served consecutively. There were no other limitations on sentence as part of the plea agreement. After accepting the pleas,[3] the military judge sentenced Appellant to a dishonorable discharge, confinement for six years,[4] and reduction to the grade of E-1.

Appellant raises two issues on appeal. The first issue is broken up into three sub-parts: whether trial counsel's sentencing argument was improper

---

[1] The charge sheet identifies these offenses as lewd acts upon a child who had not yet attained the age of 16; the guilty plea providence inquiry also identifies the element of a "child who had not yet attained the age of 16." However, the stipulation of fact contained captions referring to these offenses as "Sexual Abuse of a Child Under 12 Years Old . . . ." When describing the elements of the offenses, however, the stipulation of fact correctly identified the requirement that the victim "had not attained the age of 16" during the charged timeframe. As Appellant does not raise this as an issue and as it does not affect our analysis, we do not address this further.

[2] As the charged timeframe is from 1 January 2019 to 20 April 2019, references to the UCMJ are to the *Manual for Courts-Martial*, *United States* (2019 ed.) (*MCM*).

[3] Prior to the guilty plea providence inquiry, the military judge put on the record that Specifications 3 and 4 of Charge I, as drafted in the charge sheet and described in the stipulation of fact, listed three elements. However, the military judge noted, because these offenses occurred after 1 January 2019, there were only two elements of the offenses; there would have been three elements had the offenses occurred prior to 1 January 2019. The military judge then noted that because Appellant was not harmed by the Government adding additional elements that it would have to prove, the court-martial would proceed forward. As Appellant did not object at trial and does not raise this as an issue, we will not address it further. Additionally, pursuant to the plea agreement, after acceptance of Appellant's guilty pleas, the two remaining specifications of Charge I, and Charge II and its Specification, an alleged violation of Article 120c, UCMJ, 10 U.S.C. § 920c, were withdrawn and dismissed with prejudice.

[4] Specifically, the military judge sentenced Appellant to two years of confinement for Specification 3 of Charge I, and four years of confinement for Specification 4 of Charge I. In accordance with the plea agreement, the sentence provided that these terms of confinement would be served consecutively.

when she: (1) requested the military judge place himself in Appellant's position; (2) requested the military judge place himself in the position of a near relative of Appellant; and (3) requested the military judge tell the named victim that a dishonorable discharge was not warranted because Appellant's conduct was not bad enough. The second issue is whether Appellant's sentence was inappropriately severe.[5]

We find no material prejudice to a substantial right of Appellant and affirm the findings[6] and sentence.

## I. BACKGROUND

Appellant and AS met through a dating website in May 2016. The next month, June 2016, Appellant was in the process of changing duty stations from Kadena Air Base, Japan, to Eglin Air Force Base (AFB), Florida. During that time, he traveled to North Carolina to visit AS and her two children—AH, a girl, and LH, a boy. In July 2016, Appellant and AS married and moved to on-base housing at Eglin AFB. Appellant became a stepfather to AH and LH.

During the charged timeframe, Appellant masturbated with his hand, through his clothing, while in AH's presence. AH was seven years old at the time. Appellant did this in several locations in the family home while he and AH were home alone. Appellant also did this in his car, in front of both AH and LH,[7] as he drove them to school or to the store.

Appellant also sexually abused AH by touching her groin, through the clothing, on multiple occasions, with the intent to arouse or gratify his sexual desire. On one of these occasions, AS felt sick and was laying down in the bedroom she shared with Appellant. While AS was sick in bed, Appellant was downstairs with AH, under the pretense of making tea and looking for a book. Instead, Appellant was placing his hands between AH's legs and rubbing her groin over her clothing.

AH told AS of Appellant's actions, and AS confronted Appellant. Appellant admitted to the masturbation and sexual contact. AH shared with investigators that she felt "devastated" by the abuse.

---

[5] Appellant raises this issue pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

[6] We also note that in trial defense counsel's submission of clemency matters to the convening authority, he mentions that Appellant pleaded guilty to one specification, not two. Again, as Appellant does not raise this as an issue and as it does not affect our analysis, we do not address this further.

[7] Appellant was not charged with a lewd act for masturbating in LH's presence. LH was eight years old at the time of the offenses to which Appellant pleaded guilty.

## II. DISCUSSION

### A. Trial Counsel's Sentencing Argument

Appellant alleges that trial counsel's sentencing argument was improper for three reasons, and asks this court to set aside Appellant's dishonorable discharge as a result. Appellant's arguments include that trial counsel requested that the military judge place himself in Appellant's position; requested the military judge place himself in the position of a near relative of Appellant; and requested that the military judge tell the named victim that a dishonorable discharge was not warranted because Appellant's conduct was not bad enough.

Trial defense counsel did not object to any of these specific arguments at trial. Trial defense counsel did, however, make an objection to the portion of trial counsel's sentencing argument that Appellant now raises as his second claim of improper sentencing argument. Specifically, trial defense counsel argued during this portion of trial counsel's sentencing argument that trial counsel was arguing facts not in evidence. The military judge sustained the objection to facts not in evidence and instructed the trial counsel to "move on."

As discussed below, we find that any error did not result in material prejudice to a substantial right.

### 1. Additional Background

Regarding Appellant's first claim—that trial counsel improperly requested that the military judge place himself in Appellant's position—trial counsel made the following sentencing argument without a defense objection:

> He did this to his daughter. He violated a position of trust between a father and a daughter, and that kind of violation warrants a dishonorable discharge. But it's not just the violation of trust, Your Honor. A dishonorable discharge is appropriate because this sexual abuse got worse and worse. We have seven instances of sexual abuse over a four-month period; five times of masturbating either in front of [AH] or while she was around that excited him sexually, and then also twice when he touched her inappropriately. Think about looking at your seven-year-old daughter and feeling sexually aroused because that is what we are talking about here. At no time after each touching or masturbation did [Appellant] stop and say to himself I have to stop this. He never asked for treatment. He never went and got help. He never even told his wife what was going on. In fact, this only stopped because [AS] believed her daughter when she came and told her that [Appellant] had been touching her.

Regarding Appellant's second claim—that trial counsel improperly requested that the military judge place himself in the position of a near relative

of Appellant, specifically, Appellant's spouse AS—trial counsel made the following sentencing argument:

> Turning to [AS's] perspective, think about [AS] who is sick upstairs, and when your husband goes downstairs to get you some tea, and your daughter goes downstairs to get a book to read, what makes a mother wonder that something would be going on between her husband and her child? That should've been a simple interaction. We shouldn't even be here talking about that, but there had to have been things happening in that home where a mother --

At this point trial defense counsel objected to facts not in evidence and the military judge sustained the objection. Trial counsel made no further argument on this topic.

Appellant's third claim—that trial counsel improperly requested that the military judge tell the named victim, AH, that a dishonorable discharge was not warranted because Appellant's conduct was not bad enough—occurred during rebuttal argument. The Defense had conceded during its argument that a bad-conduct discharge was appropriate but suggested that a dishonorable discharge was inappropriate as the case did not involve a penetrative offense. Trial counsel made the following rebuttal argument, without a defense objection:

> Defense counsel also talks about the instances in which a dishonorable discharge is appropriate. He talked about penetrative offenses. That's when a dishonorable discharge is appropriate, but tell that to [AH]; that a punishment is only -- a dishonorable discharge here is the most severe punishment we could give. That would have been appropriate, [AH], if it would have been worse; if what he did to you would have been worse.

Although trial defense counsel did not object to this argument, he did respond to it in surrebuttal argument:

> Your Honor, we would ask that you don't tell anything to [AH] because I assume [Appellant] has recognized the child does not need to go through with this process anymore, and that you can consider when he came forward today and pled guilty obviating the need for a seven-year-old to come up here and be exposed to any of this.

### 2. Law

The issue of "[i]mproper argument is a question of law that we review de novo." *United States v. Marsh*, 70 M.J. 101, 104 (C.A.A.F. 2011) (citation omitted). However, if the defense does not object to a sentencing argument by trial

counsel, we review the issue for plain error. *Id.* (citing *United States v. Erickson*, 65 M.J. 221, 223 (C.A.A.F. 2007)). To establish plain error, an appellant "must prove the existence of error, that the error was plain or obvious, and that the error resulted in material prejudice to a substantial right." *Id.* at 106 (citing *Erickson*, 65 M.J. at 223). "As all three prongs must be satisfied in order to find plain error, the failure to establish any one of the prongs is fatal to a plain error claim." *United States v. Bungert*, 62 M.J. 346, 348 (C.A.A.F. 2006).

"When the issue of plain error involves a judge-alone trial, an appellant faces a particularly high hurdle." *United States v. Hays*, 62 M.J. 158, 166 (C.A.A.F. 2005) (quoting *United States v. Robbins*, 52 M.J. 455, 457 (C.A.A.F. 2000)). This is because a "military judge is presumed to know the law and apply it correctly, [and] is presumed capable of filtering out inadmissible evidence . . . ." *Robbins*, 52 M.J. at 457 (citation omitted). Therefore, "plain error before a military judge sitting alone is rare indeed." *Id.* (quoting *United States v. Raya*, 45 M.J. 251, 253 (C.A.A.F. 1996)).

"When arguing for what is perceived to be an appropriate sentence, the trial counsel is at liberty to strike hard, but not foul, blows." *United States v Baer*, 53 M.J. 235, 237 (C.A.A.F. 2000) (citations omitted). Additionally, "it is improper for counsel to seek unduly to inflame the passions or prejudices of the court members." *United States v. Clifton*, 15 M.J. 26, 30 (C.M.A. 1983) (citations omitted). However, "the argument by a trial counsel must be viewed within the context of the entire court-martial." *Baer*, 53 M.J. at 238. "The focus of our inquiry should not be on words in isolation, but on the argument as viewed in context." *Id.* (internal quotation marks and citations omitted).

"Golden Rule arguments asking the members to put themselves in the victim's place are improper and impermissible in the military justice system." *Id.* at 238. This is also true of "arguments that ask the court members to place themselves in the position of a near relative of the victim . . . ." *Id.* at 237 (citation omitted). However, "an argument asking the members to imagine the victim's fear, pain, terror, and anguish is permissible, since it is simply asking the members to consider victim impact evidence." *Id.* at 238 (citation omitted). It "is conceptually different from asking them to put themselves in the victim's place." *Id.* (citation omitted). Additionally, trial counsel may request a severe sentence, but "cannot threaten the court members with the specter of contempt or ostracism if they reject his request." *United States v. Wood*, 40 C.M.R. 3, 9, (C.M.A. 1969). Moreover, "reasonable appeals to a [panel's] sense of outrage at the horror of [an appellant's] crime" are not improper. *United States v. Williams*, 23 M.J. 776, 778 (A.C.M.R. 1987) (citations omitted).

"In a military judge alone case we would normally presume that the military judge would disregard any improper comments by counsel during argument and such comments would have no effect on determining an appropriate sentence." *United States v. Waldrup*, 30 M.J. 1126, 1132 (N.M.C.M.R. 1989).

### 3. Analysis

Appellant's first improper argument claim centers around trial counsel telling the military judge, "Think about looking at your seven-year-old daughter and feeling sexually aroused because that is what we are talking about here." Because Appellant did not object to this sentencing argument, we review the issue for plain error. Here, trial counsel was not asking the military judge to put himself in the victim's place, but instead asking the military judge, himself, to look at the crime through Appellant's eyes. Appellant cites no case law addressing this type of argument and we have found none on point. Instead, Appellant claims that this argument was improper because it sought to unduly inflame the passions or prejudices of the military judge. Appellant supports his argument by claiming that the military judge is male who "may" have young children and who "would find the thought of being sexually aroused by his own child abhorrent." However, there is no evidence before this court as to whether the military judge has any children, let alone young children or a young daughter. That being said, we still find that the argument crossed the line into an attempt to unduly inflame the passions or prejudices of the military judge. This was not simply an argument asking the military judge to imagine the victim's fear, pain, terror, and anguish, or drawing a connection to victim impact evidence or a victim impact statement. It was not an argument regarding rehabilitation potential, pointing out facts stemming from the crimes, or tying it into a specific sentence recommendation. Therefore, we find the existence of plain error.

Finding plain error, we now review for prejudice. Despite the absence of case law concluding that such an argument would be improper, we find that the error did not result in material prejudice to a substantial right. Aside from forfeitures and reduction in rank, Appellant faced a maximum sentence that included seven years of confinement and a dishonorable discharge. As noted above, he did not receive the maximum sentence. Appellant argues that the sentencing argument prejudiced him because trial counsel's comments, "by their very nature, were meant to cause the military judge *himself*, a fallible human being, to evaluate the evidence from a position of bias, *not* a position of neutrality." However, this argument goes more towards why trial counsel's statements were error—not to the issue of prejudice. Appellant next claims that "the military judge's silence following these arguments leaves this [c]ourt in doubt whether the military judge was affected by these arguments[.]" Nevertheless, Appellant does not cite a single case in which the military judge's

silence alone, in a judge-alone case, was considered evidence of material prejudice. We accordingly presume that the military judge disregarded any improper argument regarding the perspective of AS and that such argument would have had no effect on determining an appropriate sentence. *See, e.g.*, *United States v. Holt*, 33 M.J. 400, 408 (C.M.A. 1991) (noting that members were presumed to follow a military judge's instructions to disregard inadmissible evidence). Thus, we find no *prejudicial* error to a substantial right of Appellant. Appellant's arguments simply do not take into account prejudice as it relates to the sentencing by a military judge sitting alone, nor does Appellant point to any actual evidence of the military judge in this case being prejudiced by any error in trial counsel's argument. In short, Appellant does not provide evidence that the military judge based his sentence on any impermissible argument. Appellant has certainly not cleared the "high hurdle" he faces in establishing plain error in a judge-alone case. *See Robbins*, 52 M.J. at 457. In the absence of evidence of material prejudice, Appellant's plain error claim must fail.

We next move to the second claimed improper argument—trial counsel asking the military judge to think about AS, who was sick upstairs while Appellant was committing sexual misconduct against AH. Trial defense counsel objected,[8] the military judge sustained the objection, and trial counsel made no further argument on this topic. We again presume that the military judge disregarded any improper argument regarding the perspective of AS and that such argument would have had no effect on determining an appropriate sentence. *See Holt*, 33 M.J. at 408 (C.M.A. 1991). Thus, we find no error.

Appellant's third improper argument claim alleges that it was inappropriate for trial counsel, in rebuttal argument, to respond to trial defense counsel's position that a dishonorable discharge would be appropriate for "penetrative offenses" but not in this case. Again, because Appellant did not object to this sentencing argument, we review the issue for plain error. Trial counsel's comment to the military judge was, "but tell that to [AH] . . . [t]hat [a dishonorable discharge] would have been appropriate, [AH], if it would have been worse; if what he did to you would have been worse."

For purpose of this analysis, we assume error and view this argument within its context to determine if the error was plain or obvious. First, the argument was in direct response to trial defense counsel's argument regarding

---

[8] Although trial defense counsel objected to facts not in evidence, it was nonetheless sustained and stopped trial counsel's argument.

the type of offenses for which a dishonorable discharge would be appropriate.[9] Second, trial defense counsel rebutted this argument with his own comment that the military judge need not say anything to AH. Third, unlike the cases cited by Appellant, this was not a case involving sentencing by members. It was a judge-alone case, and even if trial counsel's argument could have been made without asking the military judge to "tell that to" the victim, we presume the military judge would disregard these comments by counsel and that such comments would have no effect on determining an appropriate sentence. When taken in context, we do not find plain error. This would be a closer case, as to material prejudice, had trial counsel been arguing to a panel and had trial counsel menaced members with the "specter of contempt or ostracism if they reject[ed] his request." *See Wood*, 40 C.M.R. at 9. That is not the case before us. Appellant provides no evidence that this comment influenced the military judge's decision to impose a dishonorable discharge—an authorized punishment for non-penetrative child sexual abuse offenses, such as the offenses Appellant committed against AH. As a military judge is presumed to know and follow the law, we do not find this to be one of the "rare" cases in which a military judge sitting alone commits plain error. *See Robbins*, 52 M.J. at 457.

## B. Sentence Appropriateness

Appellant argues that his sentence was inappropriately severe because (1) he pleaded guilty; (2) he "expressed significant remorse;" (3) he apologized to AS and AH, acknowledged that his actions had hurt them, and that he could not take the hurt away; (4) he recognized the wrongfulness of his actions during his unsworn statement and discussed his need and willingness to receive treatment, but also that he was already in counseling; and (5) he conceded a bad-conduct discharge was appropriate. We disagree that the sentence was inappropriately severe.

### 1. Additional Background

Appellant's crimes came to light on the occasion when AS was feeling sick and she could not figure out what was taking Appellant and AH so long to make tea and get a book. AS sent Appellant out of the room and called AH in to the room. When AS asked AH what had happened downstairs, AH began to shake and cry and told AS about the sexual abuse. The following day, AS and her two children moved out of their on-base home and never returned.

Aside from the instances of masturbation in front of the children in his car as he drove them to school or to the store, there were several occurrences in

---

[9] A dishonorable discharge would be a mandatory minimum punishment for an enlisted member convicted of rape of a child, sexual assault of a child, or an attempt or conspiracy to commit these offenses. Article 56, UCMJ, 10 U.S.C. § 856.

the home, on Eglin AFB. These included in the bathroom, in the laundry room, and on the stairway. This was in addition to rubbing AH's groin, over the clothing, on several occasions during the charged time frame.

AH prepared an unsworn two-page handwritten letter as a victim impact statement for the military judge to consider. The letter explained that Appellant made her feel both sad and mad. She was specifically sad because Appellant broke everyone's heart. However, she was mad because she believed that Appellant was a "good guy," but he made her feel ugly. She stated that she stopped eating, was scared, and now had headaches and nightmares. She ended her letter letting the military judge know that she did not want any other little girl to get hurt or have any other little girl go through what she did.

### 2. Law

We review sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). We may affirm only as much of the sentence as we find correct in law and fact and determine should be approved on the basis of the entire record. Article 66(d), UCMJ, 10 U.S.C. § 866(d). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offenses, the appellant's record of service, and all matters contained in the record of trial." *United States v. Fields*, 74 M.J. 619, 625 (A.F. Ct. Crim. App. 2015) (quoting *United States v. Bare*, 63 M.J. 707, 714 (A.F. Ct. Crim. App. 2006)). While we have significant "discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency." *Id.* (citations omitted).

"Absent evidence to the contrary, [an] accused's own sentence proposal is a reasonable indication of its probable fairness to him." *United States v. Cron*, 73 M.J. 718, 736 n.9 (A.F. Ct. Crim. App. 2014) (quoting *United States v. Hendon*, 6 M.J. 171, 175 (C.M.A. 1979)). Thus, when considering the appropriateness of a sentence, courts may consider that a pretrial agreement or plea agreement— to which an appellant agreed—placed limits on the sentence that could be imposed. *See Fields*, 74 M.J. at 625–26. However, a sentence within the range of a pretrial agreement or a plea agreement may be inappropriately severe. *See id.* at 626.

### 3. Analysis

Here, Appellant received less than the maximum sentence contemplated by his plea agreement. Moreover, by entering into this plea agreement, Appellant significantly reduced his confinement exposure compared to the author-

ized maximum confinement for the two specifications of which he was convicted.[10] Appellant accepted a plea agreement that limited his confinement to a range of three to seven years; while such an agreement alone does not establish the appropriateness of a sentence, we have considered that the sentence imposed in this case was within a range agreed upon by Appellant. *See id.* at 625–26.

We have considered that Appellant pleaded guilty, that he expressed remorse before the military judge, that he apologized, that he told the military judge that he was willing to receive treatment, and that he conceded a bad-conduct discharge was appropriate.

However, we have also considered the severity of Appellant's offenses, along with the significant damage that his sexual abuse caused his family in general and his young stepdaughter-victim in particular. The letter AH wrote to the military judge made clear the consequences of Appellant's offenses.

After considering Appellant, the nature and seriousness of the offenses, Appellant's record of service, and all matters contained in the record of trial, we conclude Appellant's sentence was not inappropriately severe.

### III. CONCLUSION

The findings and sentence as entered are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and the sentence are **AFFIRMED**.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court

---

[10] Specifically, the maximum confinement for sexual abuse of a child involving sexual contact was 20 years and the maximum confinement for other cases involving sexual abuse of a child was 15 years. *See MCM*, pt. IV, ¶ 62.d.(3). Thus, for the two specifications to which Appellant pleaded guilty, without the benefit the plea agreement's limitations, Appellant could have faced up to 35 years of confinement.